**Samuel L. BYRD, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 84–1266.**

District of Columbia Court of Appeals.

Argued En Banc March 19, 1986.

Decided June 11, 1986.

James Klein, Public Defender Service, M. Shanara Gilbert, with whom Mark Carlin, Public Defender Service, Washington, D.C., was on brief, for appellant.

Ann K.H. Simon, Asst. U.S. Atty., Curtis E. Hall, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Samuel L. Byrd, Jr., filed briefs, pro se.

Before PRYOR, Chief Judge, NEBEKER, MACK, NEWMAN, FERREN, BELSON, ROGERS, and STEADMAN, Associate Judges, and PAIR, Senior Judge.

BELSON, Associate Judge:

We granted appellant's petition for rehearing en banc to consider his contention that for a single killing he may not be convicted of, and receive concurrent sentences for, both first-degree felony murder while armed and first-degree premeditated murder while armed. The division which initially heard this appeal was convinced that appellant's position was correct, but affirmed both murder convictions because it was bound by precedent to do so. *Byrd v. United States*, 500 A.2d 1376 (D.C.1985), *vacated*, 505 A.2d 51 (D.C.1986). *See M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C. 1971) (only en banc court may overrule a prior decision). The division reviewed applicable law and set forth the reasons that led it to conclude that only one rather than both of appellant's murder convictions should be permitted to stand. The en banc court agrees with the reasoning of the division and adopts its opinion as specified below. Accordingly, we order the case remanded to the trial court for proceedings consistent with this opinion.

The division opinion set forth in part I the procedural history of the case. 500

A.2d at 1397–98. In part II it traced the development of the precedents that required the division to affirm the dual murder convictions, and also took note of the development of a separate line of authority that recognized that even the imposition of concurrent sentences does not remedy certain problems of multiple punishment or double jeopardy. *Id.* at 1379–82. Part III examined the applicable murder statute, D.C.Code § 22–2401 (1981), and its common law antecedents in light of applicable principles of statutory construction and constitutional law, and concluded that first-degree premeditated murder and first-degree felony murder are the same offense under the Code, that the structure of the statute indicates that Congress so intended, and that, accordingly, the imposition of concurrent sentences does not obviate the problem of multiple punishment that inheres in the entry of dual murder convictions for a single killing. *Id.* at 1382–87. In part IV the division addressed certain problems that attend the indictment, trial, and appeal of murder cases because of the considerations of multiple punishment and double jeopardy discussed in the division opinion.

The en banc court adopts and here incorporates parts I, II, III, and IV of the division opinion in their entirety, save for those portions that state that the division will defer to precedent in its holding.[1]

Accordingly, the convictions[2] of appellant are affirmed except for the convictions for first-degree premeditated murder while armed and first-degree felony murder while armed; with respect to those two convictions the case is remanded to the trial court for further proceedings consistent with this opinion.

*So ordered.*

1. These portions are the concluding sentence of part III and the last paragraph of part IV. We also add the following language after the words "enumerated felonies" in the last paragraph beginning on 500 A.2d 1384: "(or of purposeful killing in the course of any felony)."

Judges Newman and Ferren do not join in the paragraph that begins at the bottom of the first column appearing on 500 A.2d 1386 and continues through most of the second column on that page.

2. Appellant was convicted of several other charges in addition to the two murder convictions. *See* division opinion at note 1, 500 A.2d at 1377.