764 A.2d 1056

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Casey S. COLLINS, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 12, 2000.

Decided Jan. 17, 2001.

F. Cortez Bell, III, Bell Silberblatt & Wood, Clearfield, for Casey S. Collins.

Ray Gricar, Dist. Atty., District Attorney's Office, for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

ZAPPALA, Justice.

We granted allocatur to determine whether the offenses of homicide by vehicle and homicide by vehicle while driving under the influence of alcohol (DUI) merge for sentencing purposes. Due to the mutually exclusive nature of the statutory elements, we hold that homicide by vehicle is not a lesser included offense of homicide by vehicle/DUI and therefore the

Superior Court properly affirmed the imposition of separate sentences. Accordingly, we affirm.

The record establishes that on September 30, 1995, a motor vehicle accident occurred in which a passenger in the vehicle driven by Appellant was killed. Another passenger sustained serious injuries. Following a jury trial, Appellant was convicted of involuntary manslaughter, driving under the influence, homicide by vehicle, homicide by vehicle/DUI and recklessly endangering another person. He was also convicted of the summary offenses of careless driving, driving at an unsafe speed, and purchase, consumption, possession or transportation of liquor by a minor.

The common pleas court sentenced Appellant to consecutive sentences of three to seven years imprisonment for homicide by vehicle/DUI, two to five years imprisonment for homicide by vehicle and one to two years imprisonment for recklessly endangering another person. The court found that the remaining offenses merged for purposes of sentencing. The court denied Appellant's post-trial motions that challenged, *inter alia*, the propriety of the sentence. It noted that it was bound by the Superior Court's decision in *Commonwealth v. Neupert*, 454 Pa.Super. 62, 684 A.2d 627 (1996), which held that sentences imposed for homicide by vehicle and homicide by vehicle/DUI do not merge. The Superior Court affirmed, holding that *Commonwealth v. Neupert* controlled and therefore the common pleas court did not abuse its discretion by imposing separate sentences.

The imposition of sentence is vested within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Commonwealth v. Vasquez*, 560 Pa. 381, 744 A.2d 1280 (2000). Only the appellate court with initial jurisdiction over an appeal may review discretionary aspects of sentencing. 42 Pa.C.S. § 9781(f). The trial court's exercise of discretion, however, is not at issue here. Rather, the issue is whether the trial court erred as a matter of law in imposing an illegal sentence when it conclud-

ed that the sentences for homicide by vehicle and homicide by vehicle/DUI do not merge.[1]

■ Generally, the doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction. *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20, 21 (1994). If the legislature were to tell us that crime A merges with crime B, the problem would not arise, for the legislative intent would be manifest. It is in cases where the legislature has not given direction that we must devise a rule. *Id.* Consistent application of an accepted merger analysis has proven to be a difficult task.

■ Our Court discussed the problem in *Commonwealth v. Anderson.* The issue there was whether the single criminal act of shooting a victim and critically injuring her could support multiple sentences for attempted murder and aggravated assault. We held that the operative inquiry in a merger analysis is whether the crimes involved are greater or lesser included offenses, i.e., whether the elements of the lesser included offense are a necessary subcomponent but not a sufficient component of elements of another crime. *Id.* at 23, (citing, *Commonwealth v. Williams,* 521 Pa. 556, 559 A.2d 25, 28 (1989)).[2] In other words, we stated that the court must determine

whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether

1. Our scope of review on a question of law is plenary. *Phillips v. A–Best Products Co.,* 542 Pa. 124, 665 A.2d 1167 (1995).

2. We clarified in *Anderson* that we were reaffirming our holding in *Commonwealth v. Leon Williams,* 521 Pa. 556, 559 A.2d 25 (1989) (that sentences only merge if one offense is a lesser included offense of the other), and abrogating our holding in *Commonwealth v. Weakland,* 521 Pa. 353, 555 A.2d 1228 (1989) (that sentences merge if the defendant commits one act which is the only basis upon which he may be convicted of another crime).

both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.[3] *Id.* at 24.

We concluded that the "act necessary to establish the offense of attempted murder—a substantial step towards an intentional killing—includes, indeed, coincides with, the same act which was necessary to establish the offense of aggravated assault—the infliction of serious bodily injury." *Id.* at 24. Likewise, the intent necessary to establish the offense of attempted murder was greater than and necessarily included the intent required for aggravated assault. Accordingly, we held that aggravated assault was a lesser included offense of attempted murder and the sentences imposed for the offenses must merge.

In applying *Anderson* to the facts of *Commonwealth v. Neupert,* the Superior Court examined the statutory elements of the same crimes at issue here. Homicide by vehicle is defined in section 3732 of the Vehicle Code, which provides:

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic *except section 3731 (relating to driving under influence of alcohol or controlled substance)* is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S. § 3732 (emphasis added).

Section 3735(a) of the Vehicle Code defines homicide by vehicle/DUI as follows:

Any person who unintentionally causes the death of another person *as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance)* and who is convicted of violating section 3731 is guilty of a felony of the second degree when the violation is

3. We noted that this "same offense" test was first articulated by the United States Supreme Court in *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S. § 3735(a)(2) (emphasis added).

The *Neupert* court concluded that homicide by vehicle is not a lesser included offense of homicide by vehicle/DUI because homicide by vehicle requires the cause of death to be the result of a violation of a motor vehicle law *other than* a DUI violation, while homicide by vehicle/DUI explicitly requires a DUI conviction as an element of the crime.

Appellant argues that *Neupert* was wrongly decided. He contends that because one death resulted from his criminal conduct of "unsafe driving while intoxicated," he cannot be sentenced to two separate consecutive terms of incarceration. Appellant asserts that one cannot be sentenced separately for causing a death by two different means, i.e., by operating a motor vehicle while intoxicated and by simultaneously violating other provisions of the Vehicle Code. He argues that the traditional lesser included offense analysis of *Anderson* is not applicable to his particular situation and suggests that we instead "look at what the crime or ultimate objective of the criminal conduct was." Appellant's Brief at 2.[4]

■ We decline Appellant's invitation to deviate from the *Anderson* merger rule and instead adopt the Superior Court's reasoning as set forth in *Neupert*. Regardless of whether one death resulted from Appellant's criminal conduct, the fact remains that the legislature crafted the statutory elements of the two offenses as mutually exclusive (homicide by vehicle

---

4. The Commonwealth agrees with Appellant's contention and does not oppose the granting of relief. It asserts that the homicide by vehicle statutes reveal a design to proscribe the same harm, i.e., the taking of a life as a result of the criminal operation of a motor vehicle. It maintains the statutes simply provide alternative bases upon which to prosecute, resulting in a greater penalty when the defendant was convicted of DUI. The Commonwealth notes that it did not concede that Appellant was entitled to relief until after it had submitted its brief in Superior Court and our Court decided *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998). As discussed *infra,* however, we are not persuaded by the Commonwealth's assertions and find our decision in *Comer* distinguishable.

requiring a non–DUI Vehicle Code conviction, while homicide by vehicle/DUI requiring a DUI conviction). This is relevant not only in examining the elements of the crimes at issue, but also in examining the particular criminal conduct for which Appellant was sentenced, a factor we recently addressed in *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998).

In *Comer*, the defendant recklessly drove his vehicle into a bus stand and killed a pedestrian. The issue was whether the imposition of separate sentences for involuntary manslaughter and homicide by vehicle, which were based upon the same conduct and caused a single death, violated the double jeopardy clauses of the Pennsylvania and United States Constitutions.

The lower court in *Comer* held that homicide by vehicle is not a lesser included offense of involuntary manslaughter because it required an additional element, a violation of the Vehicle Code. Likewise, it held that involuntary manslaughter is not a lesser included offense of homicide by vehicle because it required a higher degree of culpability.[5] We reversed, rejecting the court's interpretation of the *Anderson* rule as overly simplistic. Instead, we looked to the elements of the crime *as charged* in the case at bar. Notwithstanding the fact that the lesser included offense (homicide by vehicle) contained an additional element not contained in the greater offense (involuntary manslaughter), we held that "the elements of homicide by vehicle *as charged* are subsumed in the elements of involuntary manslaughter and neither offense requires proof which the other does not." *Commonwealth v. Comer*, 716 A.2d at 599 (emphasis added). We reasoned that the defendant's "act of recklessly driving his vehicle into a SEPTA bus stand supported both the general element of the 'commission of a reckless act' of involuntary manslaughter and the specific requirement of a Vehicle Code violation of homicide by vehicle." *Id.* Thus, we concluded that homicide by vehicle was a lesser included offense of involuntary man-

---

5. The elements of involuntary manslaughter include the commission of an act in a reckless or grossly negligent manner which causes the death of another person. 18 Pa.C.S. § 2504.

slaughter and the separate sentences imposed for the offenses must merge.

The same cannot be said in the instant case, as each offense requires proof that the other does not. Because of the mutually exclusive nature of the offenses, the same evidence could not possibly have satisfied the distinct elements of the two offenses. Although *Comer* allows us to look at the elements as charged in the circumstances of the case, it does not permit us to view the circumstances so broadly that we redefine the elements of the crime. Appellant's characterization of his criminal conduct as "unsafe driving while intoxicated," paints the factual predicate with too broad a brush. Here, Appellant's driving while intoxicated (which resulted in death) satisfied the elements of homicide by vehicle/DUI, while his non-DUI Vehicle Code violations (which resulted in death) satisfied the elements of homicide by vehicle. The fact that the death of the same individual supported elements in both offenses does not warrant the merging of the sentences imposed when other mutually exclusive elements of the crimes remain.[6,7]

Accordingly, we affirm the order of the Superior Court.

Justice NIGRO files a dissenting opinion in which Justice SAYLOR joins.

**6.** The dissent contends that by adding the words "except Section 3731(DUI)" to section 3732 (relating to homicide by vehicle), the legislature did not intend "to multiply the offenses resulting from a single death." Dissenting opinion at 154. To the contrary, however, we presume that the legislature was fully cognizant of our case law regarding the merger of offenses as well as the traditional *Blockburger* merger test when it crafted the elements of the offenses as mutually exclusive. Under these circumstances, we must interpret the provisions as imposing separate sentences for each offense. Moreover, unlike the dissenting opinion, we find the rule of lenity inapplicable, as there is no ambiguity relating to the evidence necessary to prove the elements of each offense.

**7.** We note that had we found the offenses to merge and remanded for resentencing, Appellant could possibly receive virtually the same sentence on remand. Appellant was sentenced to 3 to 7 years for homicide by vehicle/DUI and a consecutive sentence of 2 to 5 years for the homicide by vehicle conviction, resulting in a sentence of 5 to 12 years. On remand, the trial court could have imposed a sentence of 5 to 10

152

NIGRO, Justice, dissenting.

Since I believe that Appellant should only be sentenced for one homicide conviction, I must respectfully dissent.

The majority contends that convictions of homicide by vehicle and homicide by vehicle/DUI do not merge for sentencing purposes because each contains an element not contained in the other. In making this contention, the majority applies the "same offense" test that was first articulated in *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the *Blockburger* test, if each offense contains an element not contained in the other, the offenses are not considered to be "the same" and therefore, there is no double jeopardy bar to imposing separate punishments for the two offenses. *See id.* at 304, 52 S.Ct. 180. While there can be no dispute that homicide by vehicle does not contain the same elements as homicide by vehicle/DUI, strict application of the *Blockburger* test in the instant case results in a conclusion that is both unfair and illogical, i.e., two separate homicide convictions for one death. Moreover, as the U.S. Supreme Court has stated, the *Blockburger* test is simply a rule of statutory construction. *See Missouri v. Hunter*, 459 U.S. 359, 367, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Although generally applicable, the *Blockburger* test, in my view, should simply not apply in cases where the outcome would result in two punishments for the same death,[1] particularly where the General Assembly has not expressly indicated such intent.

years solely for the homicide by vehicle/DUI conviction, since it is a second degree felony.

1. Despite any difference in elements under the *Blockburger* test, a decisive majority of jurisdictions addressing the issue in a similar context have declined to impose multiple convictions and sentences for variations of murder when only one person was killed. *See Gray v. State*, 463 P.2d 897 (Alaska 1970)(premeditated murder and felony murder); *People v. Lowe*, 660 P.2d 1261 (Colo.1983)(murder after deliberation and felony murder); *State v. Chicano*, 216 Conn. 699, 584 A.2d 425, (1990), cert. denied, 501 U.S. 1254, 111 S.Ct. 2898, 115 L.Ed.2d 1062 (1991)(felony murder and first degree manslaughter as a lesser included offense of intentional murder); *Gaskin v. State*, 591 So.2d 917 (Fla.1991), vacated on other grounds, 505 U.S. 1244, 113 S.Ct. 22, 120 L.Ed.2d 948 (1992) (premeditated murder and felony murder); *Pressley v. State*, 235 Ga. 341, 219 S.E.2d 418 (1975)(malice

Significantly, this construction is supported by the legislative history of the pertinent statutes. When it was originally created in 1976, the offense of homicide by vehicle was a misdemeanor of the first degree, regardless of whether the underlying offense was speeding, reckless driving or driving under the influence. In 1982, the legislature passed an act in an effort to deal with problems caused by drinking and driving. *See* Act of June 17, 1976, Pa. Laws 162, § 1, as amended, Dec. 15, 1982, Pa. Laws 1268, § 9, effective in 30 days (codified as amended at 75 PA.C.S.A. § 3731 (1982)). Although, mechanically, the General Assembly reposited the homicide by vehicle/DUI provisions in a separate section of the Vehicle Code, the essential import of this act was to

murder and felony murder); *Martinez Chavez v. State,* 534 N.E.2d 731 (Ind.1989)(murder and felony murder); *People v. Pitsonbarger,* 142 Ill.2d 353, 154 Ill.Dec. 562, 568 N.E.2d 783 (1990), cert. denied, 502 U.S. 871, 112 S.Ct. 204, 116 L.Ed.2d 163 (1991)(knowing murder and felony murder); *State v. Gilroy,* 199 N.W.2d 63 (Iowa 1972)(premeditated murder and murder in perpetration of robbery); *State v. Sullivan,* 224 Kan. 110, 578 P.2d 1108 (1978)(premeditated murder and felony murder); *State v. Dechaine,* 572 A.2d 130 (Me.1990)(intentional or knowing murder and depraved indifference murder); *Wooten-Bey v. State,* 308 Md. 534, 520 A.2d 1090 (1987), cert. denied, 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 853 (1987)(premeditated murder and felony murder); *People v. Densmore,* 87 Mich.App. 434, 274 N.W.2d 811 (1978)(premeditated murder and felony murder); *State v. LaTourelle,* 343 N.W.2d 277 (Minn.1984)(premeditated murder and felony murder); *State v. White,* 254 Neb. 566, 577 N.W.2d 741 (1998)(premeditated murder and felony murder); *State v. Watson,* 261 N.J.Super. 169, 618 A.2d 367, 373 (1992), cert. denied 133 N.J. 441, 627 A.2d 1145 (1993)(purposeful and knowing murder and felony murder); *State v. Landgraf,* 121 N.M. 445, 913 P.2d 252 (1996)(vehicular homicide [due to intoxication] and evading/eluding a police officer resulting in death); *State v. Wilson,* 345 N.C. 119, 478 S.E.2d 507 (1996)(premeditated murder and felony murder); *State v. Huertas,* 51 Ohio St.3d 22, 553 N.E.2d 1058 (1990)(aggravated murder with prior calculation and design and aggravated murder in the course of aggravated burglary); *State v. White,* 549 N.W.2d 676 (S.D.1996)(premeditated murder and felony murder); *State v. Hurley,* 876 S.W.2d 57 (Tenn.1993), cert. denied, 513 U.S. 933, 115 S.Ct. 328, 130 L.Ed.2d 287 (1994)(same); *Clagett v. Commonwealth,* 252 Va. 79, 472 S.E.2d 263, 273 (1996), cert. denied, 519 U.S. 1122, 117 S.Ct. 972, 136 L.Ed.2d 856 (1997)(4 deaths, 5 convictions: 4 capital murder convictions based upon murder in the course of robbery, one capital murder conviction for murder of multiple persons; "multiple murder" capital murder conviction vacated); *Byrd v. United States,* 510 A.2d 1035 (D.C.App.1986, en banc)(premeditated murder and felony murder).

increase the grading of homicide by vehicle/DUI from a misdemeanor of the first degree to a felony of the third degree [2] and provide a mandatory minimum sentence of three years imprisonment. Further, the act amended Section 3732 (homicide by vehicle) by adding the words "except Section 3731(DUI)." Thus, the Legislature clearly indicated that while the commission of any traffic violation that resulted in the loss of human life was a serious offense, driving under the influence implicated a greater social evil and therefore warranted a concomitantly greater and more certain penalty. I do not believe, however, that its decision to organize the more serious form of the offense under a separate section heading evidences an intention to multiply the available offenses resulting from a single death.

Further, the "single offense" construction of the homicide by vehicle statutes is supported by the rule of lenity, under which penal statutes must be strictly construed, with ambiguities being resolved in favor of the accused. *See* 1 Pa.C.S. § 1928(b)(1); *Commonwealth v. Wooten,* 519 Pa. 45, 545 A.2d 876, 879 (1988); *Commonwealth v. Gordon,* 511 Pa. 481, 515 A.2d 558, 561 (1986). In the context at issue here, the rule merely means that if the legislature does not fix the punishment for an offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses. *See Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955). In the absence of a clear indication that the legislature intended multiple punishments for a single act, this Court should apply the rule of lenity and presume that the legislature did not intend for multiple punishments to be imposed.

Here, the majority concludes that the legislature intended double punishment because it crafted the statutory elements of homicide by vehicle and homicide by vehicle/DUI as "mutually exclusive" of each other. It makes more sense, however, to find that the legislature crafted homicide by vehicle and homicide by vehicle/DUI as mutually exclusive because they

---

**2.** A subsequent amendment in 1996 increased the grading of homicide by vehicle/DUI from a third degree felony to a second degree felony.

intended the two offenses to be alternative means of committing a homicide by vehicle. As noted by the majority, even the Commonwealth concedes that Appellant should be granted relief and states in its brief to this Court that the "[t]he fair import of the [homicide by vehicle] and [homicide by vehicle/DUI] statutes reveals a design to proscribe the same harm, i.e., taking of a life as a result of the criminal operation of a motor vehicle. Each statute simply provides alternative bases upon which to proceed if a life is taken as a result of the commission of a traffic offense. Where the underlying offense is DUI, however, the penalty is greater." Appellee's Brief at 10. Nonetheless, given these differing interpretations of the homicide by vehicle and homicide by vehicle/DUI statutes, it cannot be said with certainty whether the legislature intended multiple punishments. Under the rule of lenity, this ambiguity must be construed in favor of Appellant and, consequently, he should only be sentenced for one homicide conviction. I would therefore vacate the judgment of sentence as to homicide by vehicle and affirm the judgment of sentence for homicide by vehicle/DUI.

Justice SAYLOR joins in the dissenting opinion.