J-S47029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS JARED HYNES | |
| Appellant | No. 1587 MDA 2015 |

Appeal from the Judgment of Sentence August 14, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004484-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 06, 2016**

Dennis Hynes appeals from his judgment of sentence for driving under the influence ("DUI") in violation of 75 Pa.C.S. §§ 3802(d)(1)(i) and 3802(d)(2).  The trial court and the Commonwealth agree with Hynes that his sentence as a second time DUI offender violates his rights under the Ex Post Facto clauses of the United States and Pennsylvania Constitutions.  Accordingly, we reverse Hynes' judgment of sentence and direct the trial court to sentence him as a first time offender.

Hynes also argues that his sentences under subsections 3802(d)(1)(i) and 3802(d)(2) should merge for sentencing purposes because they took place during a single criminal act.  For the reasons provided below, we hold that these offenses do not merge.

The following chronology is relevant:

1

On January 28, 2014, Hynes was arrested in Columbia County for DUI.

On October 7, 2014, Hynes was arrested in Luzerne County, once again for DUI. On November 10, 2014, Hynes was charged in the Luzerne County case with one count of DUI under 75 Pa.C.S. § 3802(d)(1)(i) and one count of DUI under 75 Pa.C.S. § 3802(d)(2). Both counts arose from the incident on October 7, 2014. Hynes also was charged with one count of possession of a small amount of marijuana for personal use under 35 P.S. § 780-113(a)(31)(i).

On January 12, 2015, Hynes was sentenced in the Columbia County case as a first time DUI offender. Hynes did not appeal from his Columbia County sentence.

On May 29, 2015, Hynes pled guilty in the Luzerne County case to one count of DUI under section 3802(d)(1)(i), one count under section 3802(d)(2) and one count of possession of a small amount of marijuana for personal use.

The Luzerne County Probation Department prepared a Pre-Sentence Investigation report recommending that as a result of his Columbia County sentence, the Luzerne County court should sentence Hynes as a second time DUI offender under the December 26, 2014 amendment to 75 Pa.C.S. § 3806(b). Hynes filed a detailed memorandum contending that application of amended section 3806 violated his rights under the Ex Post Facto Clause of the United States Constitution.

On August 14, 2015, the Luzerne County court applied amended section 3806 and sentenced Hynes as a second time DUI offender. The court refused to merge the DUI counts for purposes of sentencing and sentenced Hynes to two concurrent terms of 18 months' intermediate punishment with the first 90 days under house arrest. The court also sentenced Hynes to six months' consecutive probation for possession of a small amount of marijuana for personal use. Hynes filed a timely notice of appeal, and both Hynes and the Luzerne County court complied with Pa.R.A.P. 1925.

Hynes raises two issues in this appeal: (1) his sentence as a second time DUI offender violates the Ex Post Facto clauses of the United States and Pennsylvania Constitutions; and (2) his two DUI counts should merge for purposes of sentencing.

With regard to Hynes' first argument, the Commonwealth concedes in its appellate brief that Hynes' sentence as a second time offender violates his rights under the Ex Post Facto clauses. The Luzerne County court concedes the same point in its Pa.R.A.P. 1925 opinion. *See id*. at 2 ("given the Commonwealth's position, and a review of the current law, this Court agrees that [section 3806(b)] cannot be retroactively applied"). Based on these stipulations, we will reverse Hynes' judgment of sentence and remand

with directions that the trial court resentence Hynes as a first-time DUI offender.[1]

_____

[1] For the sake of completeness, we will summarize Hynes' Ex Post Facto objection to application of the December 26, 2014 amendment to 75 Pa.C.S. § 3806.

The December 26, 2014 amendment added the following italicized text to original section 3806:

**§ 3806. Prior offenses**

**(a) General rule.--** Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:

(1)  an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**(b) Repeat offenses within ten years.--**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, *whether or not judgment of sentence has been imposed for the violation*, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the *sentencing on the present violation* for any of the following:

*(Footnote Continued Next Page)*

Hynes' second issue -- whether his DUI counts under subsections 3802(d)(1)(i) and d)(2) merge for purposes of sentencing -- implicates the legality of his sentence. Thus, our standard of review is *de novo* and the

_(Footnote Continued)_ ───────────────

(1) an offense under section 3802;

(2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

**Id**. (emphasis added).

Hynes argued that at the time of his Columbia and Luzerne County incidents, the pre-December 26, 2014 version of section 3806 was in effect. Under this version, a prior DUI incident would not constitute a "prior offense" unless the defendant was sentenced for the prior incident at the time of the new offense. Since Hynes had not been sentenced for his Columbia County offense at the time of his Luzerne County offense, he could only be sentenced as a first time offender in Luzerne County. Under amended section 3806, a prior DUI incident would constitute a "prior offense" if the defendant was sentenced for the prior incident at the time of sentencing for the new offense. Under this amendment, Hynes could be sentenced as a second time DUI offender in Luzerne County, because he had already been sentenced for DUI in Columbia County at the time of sentencing in Luzerne County.

Hynes argued that application of amended section 3806 violated the Ex Post Facto Clause, because the prior version of section 3806 had been in effect at the time of his Columbia and Luzerne County offenses, and amended section 3806 did not take effect until after both offenses. The trial court and the Commonwealth now concede that Hynes' position on this issue is correct. Thus, the Luzerne County court must resentence Hynes as a first-time DUI offender.

- 5 -

scope of our review is plenary. *See Commonwealth v. Collins*, 764 A.2d 1056, 1057 n. 1 (Pa.2001).

> Section 9765 of the Sentencing Code provides:
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher[-]graded offense.

42 Pa.C.S. § 9765. Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other. *Id.* "[T]he plain language of Section 9765 precludes courts from merging sentences when each offense contains a statutory element that the other does not." *Commonwealth v. Raven*, 97 A.3d 1244, 1250 (Pa.Super.2014). This precept applies whether the offenses are codified in different statutes or in different subsections of the same statute. *See Raven*, 97 A.3d at 1251-52 (different statutes); *Commonwealth v. Rhoades*, 8 A.3d 912, 918 (Pa.Super.2010) (different subsections of same statute).

> 75 Pa.C.S. § 3802(d)(1)(i) reads:
>
> Controlled substances - An individual may not drive, operate, or be in actual physical control of the movement of a vehicle under any of the following circumstances: (1) there is in the individual's blood any amount of a: (i) Schedule I Controlled Substance, as defined in the Act of April 14, 1972 (P.L. 233, No.

64), known as the Controlled Substance, Drug Device and Cosmetic Act.

*Id*.

75 Pa.C.S. § 3802(d)(2) reads:

Controlled substances - An individual may not drive, operate, or be in actual physical control of the movement of a vehicle under any of the following circumstances: [...] (2) The individual is under the influence of a drug or a combination of drugs to a degree which impairs the individual's ability to safely drive, operate, or be in actual, physical control of the movement of the vehicle.

*Id*.

Each of these subsections contains an element that the other does not. Section 3802(d)(1)(i) requires proof that the defendant has any amount of a Schedule I controlled substance in his blood; section 3802(d)(2) requires proof that the defendant is under the influence of a drug or combination of drugs to a degree which impairs his ability to safely drive, operate or be in actual physical control of the movement of his vehicle. As a result of these different elements, the Commonwealth can prove a violation of one subsection without proving a violation of the other. If the Commonwealth proves that the defendant has any amount of a Schedule I controlled substance in his blood but fails to prove that he was under the influence, this will make out a section 3802(d)(1)(i) violation but not a section 3802(d)(2) violation. Conversely, if the Commonwealth proves that the defendant is under the influence of a non-Schedule I drug to a degree that impairs his ability to safely drive his vehicle, this will make out a section 3802(d)(2)

violation but not a section 3802(d)(1)(i) violation. Therefore, the trial court correctly held that Hynes' section 3802(d)(1)(i) violation does not merge with his section 3802(d)(2) violation. *See Raven*, 97 A.3d at 1251-52 (count for accidents involving death or personal injury (AIDPI) while not properly licensed, and count for driving while operating privileges suspended or revoked-DUI related (DWS–DUI related) were not subject to merger for sentencing purposes, where DWS–DUI related count imposed requirement that license suspension be related to DUI or ARD, an element not contemplated by AIDPI statute; count for AIDPI and count for habitual offenders were not subject to merger for sentencing purposes where conviction for habitual offenders required Commonwealth to demonstrate that defendant had accumulated three separate convictions for serious traffic offenses within five-year period, while AIDPI had no such element and additionally required that defendant cause accident resulting in injury or death); *Rhoades*, 8 A.3d at 918 (two counts of aggravated assault were not subject to merger for sentencing purposes; charges were based on different subsections of statute, with one requiring assault to be caused or attempted "with a deadly weapon," which element was not contained in other subsection prohibiting any attempt to cause or the causing of serious bodily injury without limiting itself to any particular mode of causing such injury).

Therefore, the trial court has the authority to impose separate sentences on each DUI count at the time of resentencing.[2]

Judgment of sentence reversed; case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2016

---

[2] Because we are remanding for resentencing on both DUI counts, we also vacate Hynes' sentence for possession of a small amount of marijuana for personal use and remand for sentencing on this count. We take this step to give the trial court the opportunity to restructure its entire sentencing scheme. *See **Commonwealth v. Goldhammer**,* 517 A.2d 1280, 1283–84 (Pa.1986); ***Commonwealth v. Vanderlin**,* 580 A.2d 820, 831 (Pa.Super.1990) (if court errs in its sentence on one count in multi-count case, then all sentences for all counts will be vacated so court can restructure its entire sentencing scheme).

We also take this opportunity to mention another issue that may arise at resentencing. In his appellate brief, Hynes claims that the Commonwealth stipulated during his guilty plea hearing that his two DUI counts must merge for sentencing purposes. We are unable to confirm Hynes' claim because the guilty plea hearing transcript is not in the certified record. Nevertheless, Hynes remains free to raise this issue at the time of resentencing.