J-S44008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS MARDRICE DAVIS, | : | |
| | : | |
| Appellant | : | No. 155 EDA 2018 |

Appeal from the Judgment of Sentence July 31, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003226-2016

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:               **FILED AUGUST 15, 2018**

Demetrius Mardrice Davis appeals from the judgment of sentence, entered in the Court of Common Pleas of Northampton County, after a jury convicted him of criminal attempt (murder), aggravated assault, robbery, theft by unlawful taking, and access device fraud.[1]  After careful review, we affirm.

On July 6, 2016, Davis returned to his residence, which he shared with his girlfriend, Jennifer Baker, where he discovered Baker and another individual using drugs in the kitchen.  Davis became enraged that drug use was occurring while Baker's three children were home and he left the residence.  After approximately 10:00 p.m., Davis returned and asked Baker to go up to their shared bedroom with him.  Upon entering the bedroom, Davis

---

[1] 18 Pa.C.S.A. §§ 901, 2502; 18 Pa.C.S.A. § 2702; 18 Pa.C.S.A. § 3702; 18 Pa.C.S.A. § 3902; and 18 Pa.C.S.A. § 4106, respectively.

immediately shut the door, punched Baker in the face multiple times with a closed fist and accused her of infidelity. Baker denied Davis' accusations, but he continued to punch, kick and choke her. Davis' beatings were unrelenting, and Baker suffered multiple broken bones and lost two of her front teeth. Baker recalled seeing her blood on the bed and walls and losing control of her bodily functions twice due to the beating. In addition to punching, kicking and choking Baker, Davis also repeatedly bit her.

Davis eventually stopped beating Baker, but threatened to kill her if she attempted to leave the bedroom. At some point, Davis left Baker alone in the bedroom for a prolonged period. While alone, Baker attempted to escape to a neighbor's home, but Davis followed her out the front door, engaged her in a chokehold and dragged her back to the bedroom. Upon returning to the bedroom with Baker, Davis retrieved a silver steak knife from the top drawer of his dresser and threatened to stab her. Moments later, Davis took the knife and stabbed Baker above her left hip and again below her left eye. Baker required stitches, staples and surgery to remove part of her intestines to repair her stab wounds.

After Davis stabbed Baker, he forced her to remove her bank debit card and child support card from her wallet and write down the correct personal identification numbers ("PIN") for those cards. Baker threatened to kill her if she did not provide the correct PINs. Baker later discovered Davis withdrew $1070.00 from accounts connected to the two cards.

On June 8, 2017, a jury convicted Davis of the previously mentioned charges. On July 31, 2017, the trial court sentenced Davis to 15 to 25 years' incarceration for attempted murder, a consecutive terms of 42 to 96 months' incarceration for aggravated assault and 6 to 24 months' incarceration for robbery,[2] and a concurrent term 6 to 24 months' incarceration for access device fraud. Davis' aggregate term of incarceration is 18½ to 43 years.

On August 8, 2017, Davis filed a post-sentence motion for reconsideration of sentence, which the trial court denied on December 4, 2017. On December 29, 2017, Davis filed a timely notice of appeal. Both Davis and the trial court have complied with Pa.R.A.P. 1925. On appeal, Davis raises the following issues for our review:

1. Whether the verdicts of guilty to the offenses contained in the [c]riminal [i]nformation were against the weight of the evidence?

2. Whether insufficient evidence was introduced at trial to support the verdicts of guilty to the offenses contained in the criminal information?

3. Whether the [trial court's] sentences were excessive and committed reversible error by failing to set forth sufficient reasons upon the record for imposing consecutive sentences?

Brief of Appellant, at 3.

In Davis' first two claims on appeal, he challenges the weight and sufficiency of the Commonwealth's evidence.

---

[2] The trial court found that the charge of theft by unlawful taking merged with Davis' robbery charge for purposes of sentencing.

A claim that a verdict is against the weight of the evidence must be raised in a motion for new trial either (1) orally on the record, before sentencing; (2) in a written pre-sentence motion; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A).

Instantly, Davis has not raised a claim that the verdict is against the weight of the evidence orally on the record, in a pre-sentence motion, or in a post-sentence motion. Thus, Davis has waived this claim. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). **See also** Pa.R.Crim.P. 607 – Comment.

Next, Davis argues that the trial court erred in denying his post-trial motion for acquittal. Davis has waived this claim as well.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge[.]" **Commonwealth v. Hutchison**, 947 A.2d 800, 805 (Pa. Super. 2008) (quotation and citation omitted). In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's statement of errors complained of on appeal must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. **Commonwealth v. Garland**, 63 A.3d 339, 344 (Pa. Super. 2013). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Id.**

In Davis' Rule 1925(b) statement, he states only that the trial court "committed reversible error by failing to grant [his] motion for [j]udgment of [a]cquittal at the close of the Commonwealth's case in chief[.]" Davis Rule 1925(b) Statement, 1/17/18. However, as the trial court acknowledges, and our review confirms, the record is devoid of Davis making a motion for judgment of acquittal or a similar motion. Accordingly, the trial court did not address his sufficiency claim. Trial Court Opinion, 2/26/18, at 3. Moreover, Davis does not specify in his brief what elements of aggravated assault and attempted homicide he challenges. **Garland**, **supra**. Rather, he baldly asserts that evidence that "the majority of [the] DNA contained on the handle of the [silver steak] knife was that of Bakers," is completely exculpatory. Instantly, we find Davis' Rule 1925(b) statement and appellate brief fatally deficient with regard to his sufficiency of the evidence claim. Although the Commonwealth has not objected to Davis' numerous procedural deficiencies, we find Davis has waived this claim. **See Commonwealth v. Roche**, 153 A.3d 1063 (Pa. Super. 2017) (defendant waived issue of sufficiency of evidence by failing to properly assert issue in Rule 1925(b) statement, even though Commonwealth failed to object to defective statement, where statement did not specify element or elements upon which evidence was insufficient).

Davis next claims that his sentences are excessive and that the trial court committed reversible error by failing to state on the record its reason(s) for imposing consecutive sentences. Generally, a claim that one's sentence is

excessive constitutes a challenge to the discretionary aspects of sentence.[3] **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008) (challenge to alleged excessive sentence is challenge to discretionary aspects of sentence). However, in his brief, Davis actually argues that the crime of aggravated assault is a lesser-included offense of attempted homicide, and thus, the crimes should have merged for purposes of sentencing.

"A claim that crimes should have merged for sentencing purposes challenges the legality of a sentence, which cannot be waived." **Commonwealth v. Duffy**, 832 A.2d 1132, 1136 (Pa. Super. 2003) (citation omitted). As such, our standard of review is *de novo* and the scope of our review is plenary. **Commonwealth v. Collins**, 764 A.2d 1056, 1057 n.1 (Pa. 2001).

"No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765.

> The threshold question is whether [a]ppellant committed one solitary criminal act. The answer to this question does not turn on whether there was a break in the chain of criminal activity. Rather, the answer turns on whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.] If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a volume discount on crime[.]

---

[3] The trial court, in its Rule 1925(a) opinion, treated Davis' claim as a challenge to the discretionary aspects of sentence.

*Commonwealth v. Orie*, 88 A.3d 983, 1020 (Pa. Super. 2014) (quotations and citation omitted). If a defendant committed more than one criminal act, the offenses will not merge for sentencing purposes. *Commonwealth v. Robinson*, 931 A.2d 15, 24-25 (Pa. Super. 2007) (*en banc*). Furthermore, where "the offenses stem from two different criminal acts, merger analysis is not required." *Commonwealth v. Williams*, 958 A.2d 522, 527 (Pa. Super. 2008) (citation omitted).

Here, Davis punched, strangled, bit and kicked Baker, causing her to suffer broken bones and missing teeth; these acts constituted aggravated assault. *See* 18 Pa.C.S.A. § 2702. At some point, Davis relented and Baker attempted to escape to a neighbor's home to seek help. Davis foiled Baker's escape effort and physically forced her to return to their apartment bedroom. Davis then retrieved a silver steak knife from atop a bedroom dresser and stabbed Baker above her left hip and eye. Davis' actions constituted a substantial step toward the intentional killing of Baker. *See Commonwealth v. Wesley*, 860 A2d 585, 593 (Pa. Super. 2004) (person is guilty of attempted murder if they take substantial step toward intentional killing). At sentencing, the trial court stated as follows: "The reason the sentence is consecutive is because *the jury made a specific finding that there were two separate incidents giving rise to two separate charges*, that differentiates that [the] aggravated assault from the attempted homicide. I think that warrants recognition and I have sentenced consecutively for that reason." N.T. Sentencing, 7/31/17, at 21 (emphasis added). Accordingly, a merger analysis

is not required; the jury found Davis committed two separate offenses. ***Williams***, ***supra***. Therefore, we do not find the trial court erred in sentencing Davis to consecutive terms of incarceration for criminal attempt (murder) and aggravated assault.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/18