J-S20025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUIS RAMOS | |
| Appellant | No. 897 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 13, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0000990-2017

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                 **FILED JULY 29, 2020**

Appellant Louis Ramos appeals from the March 13, 2019 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court"), following his jury convictions for involuntary deviate sexual intercourse ("IDSI") with a child, unlawful contact with a minor, indecent assault, and corruption of a minor.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by the trial court:

> This case arises from an illicit sexual relationship between Appellant and his minor nephew, I.C.  At trial, I.C. testified that from 2008 to 2010 his family lived with Appellant[, his maternal uncle,] in Philadelphia.  I.C. indicated that he and Appellant, "hit it off" and always hung out together.  At that time, I.C. was 7 to 8 years old and was going from the third grade to fourth grade.

---

[1] 18 Pa.C.S.A. §§ 3123(a)(1), 6318(a)(1), 3126(a)(1), and 6301(a)(1), respectively.

I.C. stated that during this time, Appellant began to undress and kiss him when they were in the basement of the residence. Appellant told I.C., "[d]on't tell anybody. This has to stay a top secret." In addition, Appellant began introducing I.C. to marijuana.

As the relationship progressed, Appellant began taking I.C. to his job working the night shift at a scrap yard. There, Appellant began showing I.C. gay porn videos and suggested that they try the acts depicted in the videos. On multiple occasions, while watching the gay porn, Appellant performed oral sex on I.C. In addition, Appellant had I.C. shave his butt and legs and place his fingers in [Appellant's] butt. At Appellant's suggestion, I.C. also placed his penis in Appellant's butt. Appellant asked I.C. to perform oral sex on him, but I.C. declined, fearing he would choke. Instead, I.C. would "jerk off" Appellant by putting his hand on Appellant's penis and pulling back and forth. When I.C. refused to allow Appellant to place his penis in I.C.'s butt because he was afraid it would hurt, Appellant would instead lay behind I.C., place his penis between his legs and then thrust back and forth.

After I.C.'s family and Appellant moved to I.C's father's house, Appellant on multiple occasions entered the bathroom when I.C. was taking a shower and performed oral sex on him.

In 2010, [I.C.] and his family moved to Connecticut and I.C. had no further contact with Appellant until the death of his grandmother in January 2016. Appellant and a number of other relatives from Philadelphia travelled to Connecticut for her funeral. After Appellant returned to Philadelphia, I.C. confided in his boyfriend, Adbiel who urged him to tell his mother about the above events. I.C. then informed his mother, who called the Philadelphia Police.

Appellant was arrested on January 20, 2017 and charged with[, inter alia the above-mentioned] offenses. On July 18, 2018, the case proceeded to a jury trial before the Honorable Diana L. Anhalt and on July 23, 2018, the jury returned a verdict of guilty [on those] offenses.

Trial Court Opinion, 10/9/19, at 1-4 (record citations omitted). On October 25, 2018, the trial court sentenced Appellant to an aggregate term of 12 to 24 years' imprisonment. Appellant filed post-sentence motions. On March 13, 2019, the trial court granted the post-sentence motion, resentencing Appellant to a concurrent terms of 7 to 14 years' imprisonment for IDSI and unlawful contact with a minor and consecutive term of 1 to 2 years in prison

- 2 -

for indecent assault. The court imposed no further penalty for corruption of a minor. As a result, the trial court reduced Appellant's aggregate sentence to 8 to 16 years' imprisonment. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents three issues for our review.

[I.] Is the sentence imposed on the conviction for indecent assault of a child illegal because it merges for purposes of sentence with the [IDSI] conviction?

[II.] Is Appellant entitled to a new trial because of the introduction in evidence of the video recording of the interview with the complainant herein?

[III.] Was the testimony of Denise Wilson of Philadelphia Children's Alliance inadmissible in two respects?

Appellant's Brief at 3 (unnecessary capitalizations omitted).

Preliminarily, we agree with the Commonwealth that Appellant has waived his second and third issues on appeal. *See* Commonwealth's Brief at 15-19. At trial, Appellant failed to assert contemporaneous objections to the admission of the video recording and Ms. Wilson's testimony. It is settled that an appellant's "failure to raise a contemporaneous objection to evidence at trial waives that claim on appeal." *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) (citation omitted); *see Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008) (to preserve issue for appellate purposes, party must make timely and specific objection to ensure trial court has opportunity to correct alleged error); *Keffer v. Bob Nolan's Auto*

*Service, Inc.*, 59 A.3d 621, 645 (Pa. Super. 2012) ("one must object to errors, improprieties or irregularities **at the earliest possible stage** of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter.") (citations omitted) (emphasis added); *see also* Pa.R.E. 103(a) (providing that an "[e]rror may not be predicated upon a ruling that admits or excludes evidence unless . . . a timely objection . . . appears of record."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Acknowledging waiver based on lack of objection, Appellant suggests that his second and third issues be construed and resolved as claims of ineffective assistance of trial counsel. We disagree. As the Commonwealth correctly notes, Appellant may not raise ineffectiveness claims on direct appeal but must instead raise them in a PCRA petition. *See* Commonwealth's Brief at 16-17, 19. In *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), our Supreme Court held that, as a general rule, defendants must wait to raise ineffective assistance of counsel claims until collateral review. Only in specific limited circumstances may a defendant raise ineffectiveness claims in post-sentence motions and on direct appeal. *See*, *e.g.*, *Commonwealth v. Holmes*, 79 A.3d 562, 563–64 (Pa. 2013) (trial court has discretion to entertain ineffectiveness claims on post-verdict motions and direct appeal where: (1) claim of ineffectiveness is apparent from record and meritorious to the extent that immediate consideration best serves interests of justice; or

- 4 -

(2) where good cause is shown and defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review from his conviction and sentence). These exceptions do not apply here. Appellant did not claim ineffective assistance of trial counsel in post-verdict motions, and he did not knowingly or expressly waive his entitlement to seek subsequent PCRA review from his conviction. At present, there is nothing in the record that facilitates intelligent appellate review of Appellant's claims of ineffective assistance. Therefore, Appellant must wait until PCRA proceedings to raise ineffective assistance claims. **Commonwealth v. Britt**, 83 A.3d 198, 204 (Pa. Super. 2013) (appellant cannot seek review of ineffectiveness claim on direct appeal, "as it involves non-record-based claims, nor has Appellant waived PCRA review").

We now turn to Appellant's first issue that the trial court erred in failing to merge indecent assault and IDSI for purposes of sentencing. As a result, he argues that his sentence for indecent assault is illegal.

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary. **See Commonwealth v. Collins**, 764 A.2d 1056, 1057, 1057 n.1 (Pa. 2001).

Section 9765 of the Judicial Code provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other. *See Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013).

Instantly, in support of his argument, Appellant relies on *Commonwealth v. Tighe*, 184 A.3d 560 (Pa. Super. 2018), *aff'd* 224 A.3d 1268 (Pa. 2020). We, however, find such reliance unavailing as *Tighe* is distinguishable. In *Tighe*, this Court concluded that defendant's conviction for indecent assault merged for sentencing purposes with his conviction for IDSI where the convictions stemmed from a *single five-minute incident* in which defendant held the victim down and penetrated her vaginally and orally. *Id.* at 563.

As the trial court explained:

> The instant case is distinguishable from *Tighe* since Appellant's IDSI and indecent assault charges stem from different criminal acts. I.C. testified that while at Appellant's job and inside I.C.'s father's home, Appellant performed oral sex on him on a number of occasions. In addition, while at Appellant's job, I.C. placed his penis in Appellant's butt. These acts formed the basis for Appellant's conviction for IDSI. I.C., however, described a litany of additional acts committed by Appellant, namely, stroking I.C's penis, placing his penis between the legs of I.C. and thrusting back forth, and having I.C. digitally penetrate Appellant's anus, which formed the basis for Appellant's conviction for indecent assault. As a result, the offenses do not merge.

Trial Court Opinion, 10/9/19, at 6. Accordingly, Appellant does not obtain relief on his merger claim as he repeatedly abused I.C. over a period of time.[2] *See Commonwealth v. Roane*, 204 A.3d 998, 1002 (Pa. Super. 2019) (no merger for indecent assault and rape where crimes were based on separate acts involving the same victim). We therefore affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *7/29/2020*

---

[2] Insofar as Appellant relies on general conspiracy cases to argue that the jury here issued a general verdict making it impossible to ascertain the acts upon which it found Appellant guilty beyond a reasonable doubt, such argument is waived. Appellant failed to assert it before the trial court or in his Rule 1925(b) statement. *See Commonwealth v. Hill*, 16 A.3d 484, 492 (Pa. 2011) (citing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if not waived, Appellant's reliance on general conspiracy cases is misplaced. As the Commonwealth aptly points out, "the jury returned specific convictions of specific crimes, not a general conspiracy conviction." Commonwealth Brief at 14.