J-S26009-17

2017 PA Super 274

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT ANTHONY KOLOVICH | |
| Appellant | No. 1505 MDA 2016 |

Appeal from the Judgment of Sentence August 19, 2016
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000401-2014

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

OPINION BY BOWES, J.:                       **FILED AUGUST 23, 2017**

Robert Kolovich appeals from his judgment of sentence of twenty-seven to seventy-two months imprisonment, which was imposed following his conviction of six counts of theft by deception, and twelve counts of deceptive business practices pursuant to 18 Pa.C.S. § 4107.[1]  We affirm.

Appellant challenges the trial court's denial of his pre-trial motion to dismiss charges based on the mandatory joinder rule and double jeopardy. He also maintains that it was error to deny his motion to quash the Commonwealth's petition to amend the information to add twelve counts of

_____

[1] Appellant was convicted of six counts of "selling, offering or exposing for sale, or delivery of less than the represented quantity of any commodity or service" in violation of § 4107(a)(2), and six counts of "making or inducing others to rely on a false or misleading written statement for the purpose of obtaining property or credit" in violation of § 4107(a)(6).

_____

*  Former Justice specially assigned to the Superior Court.

deceptive or fraudulent business practices as he contends the statute, 18 Pa.C.S. §§ 4107(a)(2) and (6), is unconstitutional.

The facts relevant to the issues before us are as follows. Appellant ran a business, Lifetime Choice Windows, in Selinsgrove, Snyder County, Pennsylvania. Prior to and during 2013, he met with homeowners in their homes in numerous counties across the Commonwealth and contracted to sell and install decking, windows, and doors. The charges in this case arose from contracts between Appellant and six Mifflin County residents during the summer of 2013. The homeowners paid Appellant down payments for decking materials and construction services, but the date of performance passed without delivery of any product or service outlined in the contracts. Appellant did not return any portion of the down payments.

Appellant initially was charged with six counts of theft by deception. He sought several continuances over an eighteen-month period because he confronted similar charges in other counties. He was convicted in Snyder and Bradford counties on multiple theft counts, and acquitted on similar charges in Union County.

On April 28, 2016, Appellant filed a motion to dismiss pursuant to 18 Pa.C.S. § 110, the compulsory joinder provision, and the double jeopardy clauses of both the state and federal constitutions, alleging that the six theft charges herein were part of the same series of occurrences culminating in the charges in the other counties. According to Appellant, all of the offenses

constituted one criminal episode that should have been prosecuted in Snyder County. N.T., 5/10/16, at 5-6. Appellant asked the trial court to dismiss/quash the Mifflin County criminal information and direct that the charges be joined and tried in Union County.[2] In the alternative, Appellant alleged that prior dismissals in Sullivan and Luzerne Counties resulted from the same criminal episode, and thus, the current prosecution was barred under double jeopardy. The trial court disagreed and denied the motion, reasoning that the prior charges in different counties were not part of the same criminal conduct or episode. Trial Court Opinion, 5/12/16, at 1. Further, the court declared Appellant's double jeopardy motion to be frivolous, thus precluding Appellant from pursuing an interlocutory appeal. *Id*. at 2.

On May 23, 2016, the Commonwealth sought leave to amend the information to add twelve additional counts pursuant to 18 Pa.C.S. § 4107(a)(2) and (a)(6), governing "deceptive or fraudulent business practices." Appellant moved to quash, arguing that § 4107(b) impermissibly shifted the burden of proof to the defendant to negate the intent to deceive

_____

[2] Snyder and Union Counties constitute one judicial district as they share one court of common pleas.

element of the crime, and was unconstitutional.[3] After a hearing, the court granted the Commonwealth leave to amend, and denied Appellant's motion to quash.

On July 11, 2016, a jury convicted Appellant of all counts. Appellant timely filed the within appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion and the matter is ripe for our review. Appellant raises the following contentions:

1. Whether the trial court erred in denying [Appellant]'s motion to dismiss pursuant to 18 Pa.C.S. § 110 and the double jeopardy clauses of the United States and Pennsylvania Constitutions?

2. Whether the trial court erred in determining [Appellant]'s motion to dismiss pursuant to 18 Pa.C.S. § 110 and the double jeopardy clauses of the United States and Pennsylvania Constitutions was a frivolous pleading?

3. Whether the trial court erred in overruling [Appellant]'s objection to the Commonwealth's motion to amend information and [Appellant]'s motion to quash amendment of information?

4. Whether the trial court erred in finding 18 Pa.C.S. § 4107(a) and § 4107(b) are not violative of the United States and Pennsylvania Constitutions?

Appellant's brief at 9 (unnecessary capitalization omitted).

_____

[3] Title 18 Pa.C.S. § 4107(b) provides that, "It is a defense to prosecution under this section if the defendant proves by a preponderance of the evidence that his conduct was not knowingly or recklessly deceptive."

Appellant's first issue is a challenge to the trial court's denial of his motion to dismiss for an alleged violation of the compulsory joinder rule, 18 Pa.C.S. § 110, and the double jeopardy clauses of the United States and Pennsylvania Constitutions. Since the issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Fithian***, 961 A.2d 66 (Pa. 2008).

Appellant claims that the offenses herein occurred, at least in part, in Snyder County, where his business was located. He contends that the trial court should have dismissed the instant prosecution due to the Commonwealth's failure to consolidate it with the prior prosecution of the charges in the judicial district encompassing Snyder and Union counties.

The compulsory joinder rule, 18 Pa.C.S. § 110, is entitled, "When prosecution barred by former prosecution for different offense," and provides in pertinent part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1)     The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

(i)     any offense of which the defendant could have been convicted on the first prosecution;

- 5 -

> (ii)     any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or
>
> (iii)     the same conduct, unless:
>
>> (A)     the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or
>>
>> (B) the second offense was not consummated when the former trial began.

18 Pa.C.S. § 110.

The rule "is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances." *Fithian*, *supra* at 71. It was designed "(1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by

repetitious litigation." *Id*. at 75-76 (internal quotations omitted). To that end, our High Court held that the legislature intended that the compulsory joinder statute be limited to mandating joinder only of those offenses occurring in a single judicial district, even when offenses were part of the same criminal episode. *Id*. at 68.

Appellant contends that compulsory joinder was warranted on the facts herein. He argues that: all of the cases were filed within thirteen months and involved the same or similar offenses; the charges arose from his business's retention of monies despite the failure to perform construction agreements; and the business was located in the 17th judicial district comprised of Snyder and Union Counties. He was previously convicted in Snyder and Bradford counties and acquitted in Union and Centre Counties on similar charges. Appellant's brief at 19. He alleges that the offenses herein occurred at least in part in Snyder County, the county where his business was based. Where, as here, the offenses occurred in more than one judicial district, and the former prosecution was brought in one of those judicial districts, Appellant maintains the subsequent prosecution in Mifflin County should have been consolidated. The consequence of the failure to consolidate is that the prosecution herein was barred.

The Commonwealth points out that § 110 has been construed as barring subsequent prosecution only if **all** of the following four prongs are satisfied:

(1) the former prosecution resulted in an acquittal or conviction;

(2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode;

(3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and

(4) all charges [are] within the same judicial district as the former prosecution.

*Fithian*, *supra* at 72 (quoting *Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2004)).

The Commonwealth concedes the satisfaction of the first and third prongs, *i.e.*, that there was a former prosecution that resulted in an acquittal or conviction, and that the prosecutor herein was aware of the instant charges prior to the first trial. However, the Commonwealth contends that the facts herein do not meet the second prong of the test as the instant prosecution did not involve the same criminal conduct or arise from the same criminal episode as the prior charges. Commonwealth's brief at 5. We agree for the reasons that follow.

At issue herein, and in *Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013), was whether a defendant's criminal actions were based on the same criminal conduct or arose from the same criminal episode for purposes of § 110's second prong. The *Reid* Court focused on "the temporal and logical relationship between the charges" in determining whether they constituted the same criminal episode. *Id*. at 582 (internal quotations omitted). The Court noted that, in general, contemporaneously filed charges

- 8 -

against a defendant "are clearly related in time." *Id.* A logical relationship involves a "substantial duplication of factual, and/or legal issues" raised by the charges. *Id.* However, it does not require a double jeopardy-like "same elements" analysis. *Id.* Instead,

> in determining if the 'logical relationship' prong of the test has been met, we must . . . be aware that a mere *de minimis* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses. Rather what is required is a substantial duplication of issues of law and fact.

*Id.* Hence, the **Reid** Court clarified that simply committing the same crime multiple times within a short interval is not enough to constitute a criminal episode. **See Commonwealth v. Anthony**, 717 A.2d 1015, 1019 (Pa. 1998) ("[a] logical relationship is not conditioned upon the duplication of identical criminal acts"); **see also Commonwealth v. Bracalielly**, 658 A.2d 755, 761 (Pa. 1995) ("*de minimi*s duplication of factual and legal issues is insufficient to establish a logical relationship between offenses").

The trial court found there was no substantial duplication of fact or law between this prosecution and the prior prosecutions, and, therefore, no logical relationship between the two sets of charges. The testimony in the instant case was elicited from each of the victims, who were not involved in or related to the other cases, and the documentation resulted from separate

contracts.[4]   Thus, the trial court found that the facts did not satisfy the second prong of the test.

We agree.   Herein, the only logical connection between the prior prosecutions and the instant charges was the nature of the offenses.   There was little duplication of the evidence.   The facts in this case differ sharply from those in **Anthony**, **supra**, where mandatory joinder was held applicable.   The two trials therein required a majority of the same witnesses and testimony that demonstrated a substantial duplication of law or fact. The same type of evidentiary overlap does not exist in the instant case.   The Commonwealth summarizes the distinction:

> [Appellant] advertised separately in every county in which he did business, conducted in-home sales calls in each of those counties, entered into a contract with different victims in each county, gave differing excuses for lack of performance in each of those counties, and was investigated separately by different police forces in each county.

Commonwealth's brief at 6.   Thus, the second prong of the test requiring both a logical and temporal relationship was not met, and joinder was not mandated under §110.[5]

_____

[4]   Pursuant to Pa.R.E. 404(b)(2), the Commonwealth was permitted to introduce the conviction orders and testimony from several victims in other cases to prove Appellant's fraudulent intent to deceive.   N.T. Motion in *Limine* Hearing, 7/7/16, at 12.

[5] We concur with the trial court that the contracts and the associated criminal conduct occurred entirely within Mifflin County, which was not the
*(Footnote Continued Next Page)*

Appellant also alleges that dismissal was warranted on double jeopardy grounds. However, Appellant did not articulate or develop any argument in support of a constitutional violation. Thus, we find the issue waived. *See* Pa.R.A.P. 2119(a) (requiring argument in brief to contain "discussion and citation of authorities as are deemed pertinent"); *see also* *Commonwealth v. McNear*, 852 A.2d 401, 408 (Pa.Super 2004) (failure to comply with Rule 2119(a)'s requirement of discussion and citation to relevant authorities constitutes waiver).

Even if the issue was not waived, it lacks merit. Both the federal and state double jeopardy clauses are intended to protect defendants from subsequent prosecutions for the same act. The Pennsylvania Constitution's double jeopardy clause has been interpreted as "coextensive" with the federal Constitution's Fifth Amendment. *Commonwealth v. Ball*, 146 A.3d 755, 763 (Pa. 2016). The Pennsylvania Supreme Court applies the "same-elements" test articulated in *Blockburger v. United States*, 284 U.S. 299 (1932); *Commonwealth v. Yerby*, 679 A.2d 217, 219 (Pa. 1996). Under the same-elements test, each offense or subsequent prosecution must

*(Footnote Continued)* —————————

situs of the prior prosecutions. Thus, Appellant could not meet the fourth prong of the test. *See Commonwealth v. Fithian*, 961 A.2d 66, 77 (Pa. 2008) ("The General Assembly intended to preclude from the reach of the compulsory joinder statute those current offenses that occurred wholly outside of the geographic boundaries of the judicial district in which the former prosecution was brought, even though part of a single criminal episode.").

require proof of at least one fact that the other offense or prosecution did not. **Blockburger**, **supra** at 304. Thus, the double jeopardy clause protects defendants from subsequent prosecutions for the same act.

Different acts supported this prosecution. Furthermore, having concluded that Appellant could not meet the less stringent § 110 test, it logically follows that the subsequent prosecution in Mifflin County was not violative of the stricter double jeopardy standards. Hence, we find that Appellant's prosecution herein was not precluded under either § 110 or the double jeopardy clauses of either the state or federal constitutions, and we affirm the trial court's order denying Appellant's motion to dismiss.

Appellant's challenge to the trial court's order finding his motion to dismiss based on double jeopardy to be frivolous is moot because his double jeopardy claim was indeed frivolous. Nor do we agree with Appellant that this is an issue that evades review. **See Commonwealth v. Orie**, 22 A.3d 1021, 1027 (Pa. 2011) (upon dismissal of a pre-trial double jeopardy challenge as frivolous, a defendant is authorized to file a petition for review pursuant to Pa.R.A.P. 1511, and seek a stay under Pa.R.A.P. 1781).

Appellant's third issue is a challenge to the trial court's denial of his motion to quash the Commonwealth's petition seeking leave to amend the information to add new charges under 18 Pa.C.S. § 4107, a statute which he maintained was constitutionally infirm. His fourth issue is a constitutional

challenge to that statute. Appellant's brief at 24. Since the issues overlap, we will address and dispose of them together.

Title 18 Pa.C.S. § 4107 provides, in relevant part:

(a)  Offense defined. — A person commits an offense if, in the course of business, the person:

.  .  .

(2) sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service;

.  .  .

(6) makes or induces others to rely on a false or misleading written statement for the purpose of obtaining property or credit;

.  .  .

(b)  Defenses. — It is a defense to prosecution under this section if the defendant proves by a preponderance of the evidence that his conduct was not knowingly or recklessly deceptive.

18 Pa.C.S. § 4107.

Our review of a challenge to the constitutionality of a duly enacted statute is plenary. *Villani v. Seibert*, 159 A.3d 478 (Pa. 2017). The following principles inform our review.

> Preliminarily, we recognize that acts passed by the General Assembly are strongly presumed to be constitutional and that we will not declare a statute unconstitutional unless it clearly, palpably, and plainly violates the Constitution. If there is any doubt that a challenger has failed to reach this high burden, then that doubt must be resolved in favor of finding the statute constitutional.

- 13 -

*Zauflik v. Pennsbury Sch. Dist.*, 104 A.3d 1096, 1103 (Pa. 2014) (internal citations and quotations omitted). Thus, one challenging the constitutionality of a statute bears a heavy burden of persuasion, and any doubt is to be resolved in favor of a finding of constitutionality. *Pa. State Ass'n of Jury Comm'rs v. Commonwealth*, 78 A.3d 1020 (Pa. 2013); *Commonwealth v. Barud*, 681 A.2d 162 (Pa. 1996).

Appellant contends that §4107 violates the due process clauses of the Pennsylvania and United States Constitutions because subsection (b) impermissibly shifts the burden of proof to the defendant to negate the *mens rea* element of the crime. Appellant's brief at 27. Specifically, Appellant points out that it requires the defendant to prove "by a preponderance of the evidence that his conduct was not knowingly or recklessly deceptive." *Id*. He claims that affirmative defenses are unconstitutional if they negate any of the elements of the crime as defined. Appellant posits that the statute has thus far escaped constitutional challenge because it does not expressly state the *mens rea* required, although he acknowledges that this Court held in *Commonwealth v. Eline*, 940 A.2d 421, 433 (Pa.Super. 2007), that "fraud, which includes a wrongful intent to deceive, is an element of the crime of deceptive business practices."

Appellant's argument in this regard is convoluted. He contends that, since "scienter" is often used to connote the *mens rea* of common law fraud,

- 14 -

and scienter means "knowingly," or "a degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission," according to Black's Law Dictionary, § (b)'s "knowingly" language overlaps with the scienter element of § (a). He makes the latter leap by bootstrapping the reasoning of the court of common pleas' non-binding decision in the **civil** case of **Glessner v. Twigg**, 22 Pa. D. & C. 3d 727, 732 (Somerset Co., 1982), in which the court found that "a wrongful intent to deceive" is synonymous with "knowingly" or "recklessly" in the civil context. He concludes that the affirmative defense requiring him to prove "his conduct was not knowingly or recklessly deceptive" negates the element of "knowingly" misrepresenting an existing fact and is unconstitutional under **Mullaney v. Wilbur**, 421 U.S. 684 (1975), and **Patterson v. New York**, 432 U.S. 197 (1977).

We find first that "intentional" and "knowing" are not the same level of culpability in the criminal context.[6] In **Commonwealth v. Hill**, 140 A.3d

_____

[6] 18 P.S. § 302, **General requirements of culpability**, defines the difference between acting intentionally and knowingly:

>    (1)   A person acts **intentionally** with respect to a material element of an offense when:
>
>          (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to

*(Footnote Continued Next Page)*

- 15 -

713, 718 (Pa.Super. 2016) (emphasis added), involving 18 Pa.C.S. § 4107(a)(2), this Court held that "[p]roof of deceptive or fraudulent business practices requires that a defendant (1) with a **wrongful intent to deceive**;" (2) "in the course of business;" (3) "sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service."  We noted that an intentional misrepresentation connotes a higher degree of culpability than "knowingly" and the culpability of an intentional act subsumes the culpability of a knowing act, and concluded that knowledge

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

> engage in conduct of that nature or to cause such a
> result; and
>
> (ii) if the element involves the attendant
> circumstances, he is aware of the existence of such
> circumstances or he believes or hopes that they
> exist.
>
> (2)  A person acts **knowingly** with respect to a material
> element of an offense when:
>
> (i)  if the element involves the nature of his conduct
> or the attendant circumstances, he is aware that his
> conduct is of that nature or that such circumstances
> exist; and
>
> (ii)  if the element involves a result of his conduct,
> he is aware that it is practically certain that his
> conduct will cause such a result.

18 Pa.C.S. § 302.

was a lesser-included *mens rea* of intent.  ***See Commonwealth v. Nero***, 53 A.3d 802, 809 (Pa.Super. 2012).

Furthermore, Appellant's affirmative defense due process analysis does not withstand scrutiny.  Jurisprudence in this area arose largely in the context of homicide prosecutions.  The United States Supreme Court reaffirmed in ***Mullaney***, ***supra***, that, in order to pass muster under the Due Process Clause, the state must prove every fact necessary to constitute the crime charged beyond a reasonable doubt.  ***See In re Winship***, 397 U.S. 358, 364 (1970).  Under the Maine statutory scheme at issue in ***Mullaney***, a defendant charged with murder was required to prove that he acted in the heat of passion in response to sudden provocation to reduce the homicide to manslaughter.  The jury was further instructed, however, that if the prosecution established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively presumed unless the defendant proved by a fair preponderance of the evidence that he acted in the heat of passion on sudden provocation.  The defendant argued that the statute impermissibly placed the burden on the defendant to negate that **presumption** of malice with proof of sudden provocation or heat of passion. *Id*. at 688-89.  The Court of Appeals agreed with the defendant, and the Supreme Court affirmed.  The High Court held that the Due Process Clause required the prosecution to prove beyond a reasonable doubt that the

defendant did not act in the heat of passion on sudden provocation when the issue was properly presented in a homicide case.

The Supreme Court subsequently narrowed this holding in *Patterson*, *supra*, emphasizing that the New York statute examined therein, unlike the Maine statute in *Mullaney*, did not **presume** an element of the crime, and, therefore, did not shift the burden of proving an element to the defendant and thus did not violate the federal constitution. *Id*. at 206. Hence, a burden of proof for an affirmative defense can be placed on a defendant without running afoul of the due process clause, provided the statute does not create a presumption of guilt as to one of the elements of the underlying crime.

The Pennsylvania Supreme Court adopted the *Patterson* reasoning in *Commonwealth v. Hilbert*, 382 A.2d 724 (Pa. 1978), in the context of the propriety of a jury instruction. More recently, in *Commonwealth v. Mouzon*, 53 A.3d 738, 743 (Pa. 2012), our Supreme Court articulated the current state of the law. Cognizant of the United States Supreme Court's then-recent decision in *Dixon v. United States*, 548 U.S. 1 (2006), which involved a duress defense, the Court stated that "the overall principle that emerges from the High Court's decisional law is that federal due process permits States to place a burden on the defendant to prove an affirmative defense by a preponderance of the evidence, so long as the defendant is not thereby **required** to negate an element of the offense." *Mouzon*, *supra* at

743 (emphasis added). The **Mouzon** Court clarified that overlap between an element of the crime and the affirmative defense is permissible "in the sense that evidence to prove the latter will tend to negate the former." **Martin v. Ohio**, 480 U.S. 228 (1987). It concluded that the test is not a mechanical one that inquires whether the affirmative defense and element are related, but a functional test that ensures the defendant is not burdened with disproving an element of the crime. **See also Mullaney**, **supra** at 699 (noting that the due process analysis of affirmative defenses is "concerned with substance rather than . . . formalism").

Thus, only an affirmative defense that shifts the burden of proof to the defendant and **requires** the defendant to negate an element of the underlying offense violates federal due process rights. **Mouzon**, **supra** at 743; **see also Smith v. United States**, 568 U.S. 106 (2013) (summarizing the due process rules concerning affirmative defenses). Such is not the case herein. Pennsylvania case law has supplied the culpability element for deceptive business practices: "fraud, which includes a wrongful intent to deceive, is an element of the crime." **Hill**, **supra** at 717 (quoting **Eline**, **supra** at 433). The Commonwealth has the never-shifting burden during trial to prove beyond a reasonable doubt that a defendant possessed the wrongful intent to deceive as to each charge under 18 Pa.C.S. § 4107(a), a burden the prosecution acknowledged herein. **See** N.T. Motion *in Limine* Hearing, 7/7/16, at 5-6. Nevertheless, Appellant had the right, but was not

required, to offer evidence tending to show that he merely engaged in the deceptive conduct knowingly or recklessly, rather than intentionally.

The Commonwealth never suggested during trial or closing arguments that Appellant had any burden to prove that he lacked the intent to defraud.[7] Nor was the Commonwealth under any obligation to disprove every fact that could lead to Appellant's exoneration or address every potential justification Appellant may have raised. ***Reilly***, ***supra*** at 510. "Proof of facts which exonerate the accused from his guilt remains solely the province of the criminal defendant." ***Id***. Under § 4107(a) and (b), as interpreted by this Court in ***Eline***, the burden remains upon the prosecution to prove Appellant's intent to deceive beyond a reasonable doubt or the accused would be acquitted. ***Eline***, ***supra*** at 433.

Thus, we conclude Appellant has not met the heavy burden required to overcome the presumptive constitutionality of an act of the General Assembly. ***Zauflik***, ***supra*** at 1103. Section 4107 of Title 18, as interpreted by this Court, i) requires the prosecution to prove fraud beyond a reasonable doubt, which includes an intent to deceive, as an element of the crime; (ii) does not create a presumption of guilt as to any element of the crime; and (iii) does not require the defendant to assert an affirmative defense or

_____

[7] In any case, Appellant does not challenge the sufficiency of the evidence or the prosecution's conduct, but instead limits his attack to the facial validity of § 4107.

negate any element of the crime. Therefore, 18 Pa.C.S. § 4107(b) is not violative of the due process clauses of either the Pennsylvania or the United States Constitutions.[8]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2017

---

[8] As judicially construed and applied, the statute at issue passes constitutional muster. However, if the Legislature were to amend the statute to expressly provide that specific intent to deceive is an element of the offense, similar constitutional challenges likely could be averted.