**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM JOHN COVALT | |
| Appellant | No. 917 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 28, 2019
In the Court of Common Pleas of the 39th Judicial District
Fulton County Branch
Criminal Division at No.: CP-29-CR-0000096-2018

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 20, 2019**

Appellant Adam John Covalt appeals from the May 28, 2019 judgment of sentence entered in the Court of Common Pleas of the 39th Judicial District, Fulton County Branch ("trial court"), following his stipulated bench conviction for driving under the influence of alcohol ("DUI")—general impairment, DUI—high rate of alcohol, and failure to give an appropriate signal.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  On April 12, 2018, Appellant and his wife, Jenna, were engaged in an ongoing argument and Appellant had been drinking alcohol since 10 a.m. that day.  N.T. Hearing, 10/30/18 at 20-21.  At 5:00 p.m., Jenna "left the house

---

[1] 75 Pa.C.S.A. §§ 3802(a), (b), and 3334(a), respectively.

originally to take her kids to her parents' house. Once she got to the parents' house, she got a text from [Appellant]. So she went back and the argument continued." *Id.* at 22. At approximately 6:30 p.m., Appellant grabbed her, causing a "red mark on her right bicep area." *Id.* Jenna left the marital residence and returned to her parents' house, which was located about five miles from the marital residence. *Id.* at 8-11, 22. At 6:47 p.m. that day, Pennsylvania State Troopers Jason Pierotti and Samuel Lech were dispatched to Jenna's parents' house for a reported domestic situation. *Id.* at 8. The troopers arrived there at 7:04 p.m. *Id.* Jenna informed the troopers about a domestic situation that had occurred at the marital residence. *Id.* at 20.

While the troopers were obtaining Jenna's statement, at approximately 7:30 p.m., Trooper Lech "observed a white Ford truck pull into the front yard from Pleasant Ridge Road. It didn't use its turn signal when pulling in. Jenna identified the driver saying it was [Appellant]. She went inside the house." *Id.* at 8. Trooper Lech then approached the truck because "it was a domestic situation" and he was "worried about safety." *Id.* at 9. According to Trooper Lech, Appellant showed up to Jenna's parents' house uninvited and on his own accord. *Id.* at 9. Describing his interaction with Appellant, Trooper Lech testified:

> [I]nitially in his truck, he gave me his driver's license. I confirmed that he was, in fact, [Appellant]. After that, he got out of the truck. We started—I started interviewing him a little bit about the domestic situation, getting his side of the story. At some point, when he was filling out a written statement and I was going over it with him, I was close enough to observe the smell of alcohol on his breath.

- 2 -

*Id.* at 9-10. Specifically, Trooper Lech smelled the odor of alcohol between 7:40 and 7:45 p.m. Trooper Lech further testified:

> After he had finished the written statement, I asked him about the alcohol. He informed me that he had drank [sic] six beers earlier that day. Based on that and seeing his eyes were glassy and bloodshot, smell of alcohol on his breath, that led me to investigate further into now a DUI. And I started conducted fields.

*Id.* at 10. Eventually, Trooper Lech arrested Appellant for DUI and transported him to Fulton County Medical Center for blood testing. *Id.* at 12.

On April 17, 2018, the troopers issued a summary citation for harassment (18 Pa.C.S.A. § 2709(a)(1)) to Appellant.[2] On April 25, 2018, the troopers filed a criminal complaint against Appellant, charging him with DUI offenses and failure to use a turn signal. On May 23, 2018, Appellant pleaded guilty to harassment. *Id.* at 4.

Appellant waived his preliminary hearing on DUI and vehicle code offenses. On August 16, 2018, Appellant filed an omnibus pretrial motion, seeking to dismiss with prejudice (the DUI and vehicle code) charges based on Section 110 of the Crimes Code, 18 Pa.C.S.A. § 110, relating to compulsory joinder. Following a hearing, the trial court denied Appellant's omnibus motion. On February 19, 2019, the case proceeded to a non-jury trial, at which the parties submitted stipulated facts. At the conclusion of trial, the court found Appellant guilty of two counts of DUI and failure to use a turn signal. On May 28, 2019, the trial court sentenced Appellant to, *inter alia*, six

---

[2] Jenna also received a summary citation that day for injuries she had caused to Appellant. N.T. Hearing, 10/30/18 at 23.

months of intermediate punishment. Appellant did not file any post-sentence motions. On June 4, 2019, Appellant appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue for our review: "Did the trial court err when it found there was not a logical and temporal relationship between the DUI and harassment when both crimes occurred during the course of an ongoing multi-location domestic dispute and all other elements of compulsory joinder were present?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Because the issue presents a question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Kolovich**, 170 A.3d 520, 523 (Pa. Super. 2017), **appeal denied**, 182 A.3d 429 (Pa. 2018); **see Commonwealth v. George**, 38 A.3d 893, 896 (Pa. Super 2012) (noting that, in the context of Section 110, our standard of review is plenary). The compulsory joinder rule, Section 110, entitled "When prosecution barred by former prosecution for different offense," provides in pertinent part:

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) **The former prosecution resulted in an acquittal or in a conviction** as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and **the subsequent prosecution is for**:
> >
> > > (i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) ***any offense based on the same conduct or arising from the same criminal episode***, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110 (emphasis added). The rule "is a legislative mandate that a subsequent prosecution for a violation of a provision of a statute that is different from a former prosecution, or is based on different facts, will be barred in certain circumstances." ***Kolovich***, 170 A.3d at 524. Its purpose is "(1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation." ***Id.***

Section 110(1)(ii), the relevant provision for this appeal, bars subsequent prosecution if all of the following four prongs are satisfied:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based on the same criminal conduct or arose from the same criminal episode as the former prosecution;

> (3) the prosecutor[3] was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Commonwealth v. Fithian*, 961 A.2d 66, 72 (Pa. 2008); *see George*, *supra*, at 896.

Here, prongs (1), (3) and (4) are uncontested. Thus, the dispute centers on the second prong—known as the logical relationship prong. *See Commonwealth v. Reid*, 77 A.3d 579, 582 (Pa. 2013). The second prong involves whether the current prosecution was based on the same criminal conduct or criminal episode as the former prosecution. A criminal episode has been defined as "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." *Commonwealth v. Schmidt*, 919 A.2d 241, 246 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007). To determine whether various acts constitute a single criminal episode, one must consider the logical relationship between the acts, *i.e.*, whether there is a substantial duplication of issues of law and fact, and whether the acts are temporally related. *See Commonwealth v. Hude*, 458 A.2d 177, 181-83 (Pa. 1983) ("[I]n defining what acts constitute a single criminal episode, not only is the temporal sequence of events important, but also the logical relationship between the acts must considered.").

_____

[3] *George* teaches that "prosecuting officers" include law enforcement officers as well as prosecuting attorneys. *See George*, 38 A.3d at 898-99.

Our Supreme Court elaborated:

[T]he determination of whether the logical relationship prong of the test is met turns on whether the offenses present a *substantial duplication of issues of fact and law*. Such a determination depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution. There is a substantial duplication of issues of fact if the Commonwealth's case rest[s] solely upon the credibility of [one witness] in both prosecutions. There is no substantial duplication if proof of each individual instance of possession and delivery in each county require the introduction of the testimony of completely different police officers and expert witnesses as well as the establishment of separate chains of custody[,] or if there were three victims in three different counties requiring three different investigations, and different witnesses were necessary at each trial. When determining if there is a duplication of legal issues, a court should not limit its analysis to a mere comparison of the charges, but should also consider whether, despite the variation in the form of the criminal charges, there is a commonality of legal issues within the two prosecutions. It should be remembered, however, the mere fact that the additional statutory offenses involve additional issues of law or fact is not sufficient to create a separate criminal episode since the logical relationship test does not require an absolute identity of factual backgrounds. Finally, in considering the temporal and logical relationship between criminal acts, we are guided by the policy considerations [Section] 110 was designed to serve, which must not be interpreted to sanction volume discounting[, procedural maneuvering], or to label an enterprise an episode.

*Commonwealth v. Reid*, 77 A.3d 579, 585-86 (Pa. 2013) (citations, quotation marks and some brackets omitted) (formatting altered) (emphasis added).

Here, based on our thorough review of the evidence, as detailed above, we conclude that the second prong of the test requiring both a logical and temporal relationship was not met, and as a result, the trial court did not err in declining to mandate joinder under Section 110. The instant DUI charges and the summary harassment charges required different factual support. If Appellant had not pleaded guilty to harassment, but instead had chosen to

proceed to trial, the Commonwealth would have needed only the testimony of Jenna and Trooper Pierotti to make its case against Appellant. On the contrary, if Appellant had not submitted to a stipulated DUI trial, the Commonwealth would have needed only the testimony of Trooper Lech and medical professionals to establish the DUI and failure to give an appropriate signal charges. As noted earlier, Trooper Lech observed Appellant's driving, his condition at the scene, and his performance on the standardized field sobriety testing. Similarly, testimony by medical professionals (such a phlebotomist) from the Fulton County Medical Center would have established the circumstances surrounding the blood draw and the results of Appellant's blood test. Thus, the testimony of Jenna and Trooper Pierotti would have been unnecessary to secure a conviction in the instant case. To reiterate, the altercation between Appellant and Jenna, which occurred one hour and five miles away from Jenna's parents' residence, had little to do with the charges at issue. As Trooper Lech observed, about an hour after the altercation, Appellant drove to the parents' house, seemingly under the influence of alcohol, and in the process, turned into their driveway without using a turn signal. Accordingly, under the circumstances of this case, especially given the lack of a temporal relationship[4] and the absence of substantial duplication of

---

[4] **See Commonwealth v. Caden**, 473 A.2d 1047, 1049 (Pa. Super. 1984) (relief denied under Section 110 where appellant stole both a truck and a tractor on the same evening); **see also Commonwealth v. Lee**, 435 A.2d 620, 622 (Pa. Super. 1981) (relief denied under Section 110 where appellant

issues of fact and law between the harassment charge and the vehicle code offenses,[5] Appellant is not entitled to relief under Section 110.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019

---

stabbed two people on the same block within a forty minute period); **Commonwealth v. Miller**, 419 A.2d 1378, 1380 (Pa. Super. 1980) (burglarized same residence six hours apart).

[5] We note that Appellant does not develop any meaningful argument for why a substantial duplication of facts or law would exist between the instant case and the harassment charge to which he pleaded guilty.