J-S27024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :               PENNSYLVANIA
        :
     v.            :
        :
        :
SHANE EDWARD MURPHY       :
        :
     Appellant     :   No. 2477 EDA 2021

Appeal from the Judgment of Sentence Entered November 9, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003616-2019

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:         **FILED NOVEMBER 28, 2022**

Appellant Shane Edward Murphy appeals from the judgment of sentence imposed following his open guilty plea to one count of deceptive business practices.[1] We affirm.

The trial court summarized the relevant facts underlying this appeal as follows:

> On March 12, 2020, [Appellant] entered an open plea of guilty to one of three counts, with which the Commonwealth had initially charged him, *i.e.*, count three. That count charged [Appellant] with deceptive business practices, a felony of the third degree. In exchange for [Appellant's] plea, the Commonwealth agreed to amend count three to a misdemeanor of the first degree, *nolle pros* the other two felonies, and not seek any "jail time."[FN2]
>
> > [FN2] The guidelines called for RS to 1 in the standard range, RS in the mitigated range, and 4 in the aggregated [*sic*] range.

---

[1] 18 Pa.C.S. § 4107(a).

As background, the complaint alleged that a homeowner contracted with [Appellant] to have him install an in-ground pool. The total contract price was $32,000 payable in installments: 50% down and the balance after various progress was completed. Despite not meeting the progress bench marks, [Appellant] left the job on at least two occasions returning only after he demanded and received on those occasions additional payments not yet due in order to return. Upon returning, [Appellant] did little to no work and after he received a total of $32,000 he left the job with a substantial amount of work to be completed, never to return despite repeated attempts by the homeowner to get him to complete the work.

At the time of the guilty plea, [Appellant] with counsel completed an extensive written guilty plea colloquy . . . . advising him of all rights he was giving up by virtue of the plea, all of which he acknowledged. He further acknowledged in the written colloquy and orally in open court that his plea was voluntary in every aspect. In addition an addendum to the colloquy signed by [Appellant] provided the elements of the crime as handwritten by his attorney:

> "In the course of business did deliver less than the represented quantity of any commodity or service[.]"

Moreover, as to the factual basis for the plea, the following exchange occurred between [Appellant] and the ADA.

> [Commonwealth]: Sir, do you admit, as part of this guilty plea, that between July 3rd, 2018 and September 7th, 2018, you were conducting a [pool business through Shane's Pool]?
>
> [Appellant]: Correct.
>
> [Commonwealth]: And in the course of this business, you did sell, offer, or expose or [sic] sale or deliver less than the represented quality of service. Do you admit that?
>
> [Appellant]: Yes.
>
> [Commonwealth]: And, specifically, do you admit that, in this case, the [Complainant] hired you to put in a pool in her yard? Correct?
>
> [Appellant]: Correct.

[Commonwealth]: And she provided you with multiple installments of payment; correct?

[Appellant]: Correct.

[Commonwealth]: Specifically, she gave you two separate checks for $8,000, for a total of $16,000, as a deposit; correct?

[Appellant]: Correct.

[Commonwealth]: And then, about a month later, she provided you with another check for $4,500; correct?

[Appellant]: Correct.

[Commonwealth]: And then in a fourth installment, a check for $4,000; correct?

[Appellant]: Correct.

[Commonwealth]: And then some work was completed; correct?

[Appellant]: 80 percent of the work was completed.

[Commonwealth]: You'll admit, though, that not all of the work was completed.

[Appellant]: Yes.

[Commonwealth]: That the work that you had agreed to do, and initially contact [sic] with her to perform the work, you did not complete all of that work; correct?

[Appellant]: Correct.

[Commonwealth]: And then she did give you two more checks for a total of $7,500; correct?

[Appellant]: Well, one more was for that. The other was for a different contract.

[Commonwealth]: Okay. But from the same person, she provided you with a check for $3,000 and for $4,500; correct?

[Appellant]: Correct.

[Commonwealth]: And you admit that you did not return to complete the work.

[Appellant]: Correct.

\* \* \*

At the time of the plea, [Appellant] demanded a restitution hearing as he disagreed with the amount of the Commonwealth's demand for restitution, an amount representing over payment to [Appellant] plus additional amounts the homeowner had to pay a new contractor to complete the work.

The court accordingly scheduled sentencing and a restitution hearing 15 days after the plea, *i.e.*, March 27, 2020. Due to the COVID pandemic judicial emergency orders the sentencing and restitution hearing was rescheduled for June 10, 2020. [Appellant] failed to appear on June 10, 2020 and the court issued a bench warrant. Notwithstanding, as the victim was prepared to testify, the Commonwealth's exhibits were provided, and there were age and health concerns for the contractor who completed the work, the court permitted the Commonwealth to proceed with restitution testimony via Zoom. Likewise, the Commonwealth's exhibits were admitted without objection. The witnesses were cross-examined by defense counsel **but** the court deferred any ruling in order to allow [Appellant] the opportunity to review the testimony and exhibits and to testify if he chose to do so. Five days later, [Appellant] turned himself in. The bench warrant was revoked and bail reinstated. Again because of COVID pandemic judicial emergency orders, the remainder of the restitution hearing and sentencing was scheduled for July 10, 2021. [Appellant] and his counsel appeared. At that hearing, defense counsel demanded hard copies of the restitution exhibits moved into evidence by the Commonwealth which at the prior hearings were introduced, identified and authenticated virtually via Zoom pursuant to the then-COVID protocol. Hard copies could not be immediately located. In addition, the contractor who completed the work, Mr. Jacobs, who was elderly was not present due to illness. The court thus again continued the hearing to be scheduled once the court was advised of availability of all exhibits, parties, and witnesses. It was not until September 24, 2021, over 18 months after he pled guilty and over 15 months after the court first heard witnesses to testify as to restitution that [Appellant] filed a motion to withdraw. The sole assertion for his seeking to

- 4 -

withdraw is: "[Appellant] asserts his innocence and wishes to withdraw his guilty plea."

Notwithstanding that [Appellant] made only a bald assertion as to innocence as the basis to withdraw his plea, which . . . is insufficient as a matter of law and would not justify the grant of a hearing, the court nonetheless scheduled a hearing on the motion to afford [Appellant] the opportunity to testify and/or present evidence to support his claim of innocence and provide the court with fair and just reason to grant his motion. At the hearing on October 21, 2021, [Appellant] provided no evidence of his innocence beyond his testimony that he had no criminal intent. Moreover, his testimony revealed that his real reason for seeking to withdraw his plea was his claim that he accepted the plea agreement to avoid a felony conviction which he felt would impact his ability to earn a living, but he is now running into obstacles in that regard because of the nature of the conviction being theft-related, regardless of whether it is a felony or misdemeanor.

Trial Ct. Op., 3/30/22, at 1-6 (emphasis in original and some formatting altered).

The trial court denied Appellant's motion to withdraw his guilty plea and scheduled sentencing and completion of the restitution hearing for November 9, 2021. At that hearing, the court sentenced Appellant to four years of probation and imposed restitution in the amount of $17,500.00, to be paid in monthly installments over the course of Appellant's four-year term of probation. Appellant did not file a post-sentence motion.

Appellant filed a timely appeal and Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on March 30, 2022.

On appeal, Appellant raises the following issues for our review:

1. Whether the trial court abused its discretion when it denied Appellant's pre-sentence motion to withdraw guilty plea where

Appellant established that he had a plausible claim of innocence, among other reasons for wanting to withdraw the plea, and the Commonwealth would not be substantially prejudiced?

2. Whether the trial court abused its discretion in setting restitution at the amount it cost another party to install the pool Appellant failed to complete, which was not equal to the amount of damages caused by Appellant when he abandoned the project?

Appellant's Brief at 4.

**Motion to Withdraw Guilty Plea**

In Appellant's first claim, he contends that the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea because he was innocent and lacked criminal intent to defraud the complainant. Appellant's Brief at 24, 28-29. Appellant argues that the fact that he had "other reasons" for wanting to withdraw his plea, *i.e.* his failure to understand the ramifications of his guilty plea on his ability to do business, did not make him any less innocent. *Id.* at 24, 32. Finally, Appellant contends that the Commonwealth would not be substantially prejudiced if he were allowed to withdraw his pre-sentence guilty plea. *Id.*

It is well settled that a criminal defendant "has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." *Commonwealth v. Muhammad*, 794 A.2d 378, 382 (Pa. Super. 2002) (citation omitted). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013). "An abuse

of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law." *Id.* (citation omitted).

The standards required for withdrawing a guilty plea differ "depending on whether the defendant seeks to withdraw the plea before or after sentencing." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). In the context of a pre-sentence motion to withdraw a plea, our Supreme Court has stated:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

*Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015) (citation and footnote omitted); *see also* Pa.R.Crim.P. 591(A) (stating that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit . . . the withdrawal of a plea"). "A defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for pre-sentence withdrawal of a plea." *Carrasquillo*, 115 A.3d at 1292. This Court has held that the Commonwealth suffers prejudice if a necessary witness becomes unavailable between the guilty plea and the filing of a motion to withdraw a guilty plea. *See*, *e.g.*, *Commonwealth v. Cole*, 564 A.2d 203, 206 (Pa. Super. 1989).

Finally, the Crimes Code provides, in relevant parts, the elements required to prove deceptive or fraudulent business practices:

**§ 4107. Deceptive or fraudulent business practices**

**(a) Offense defined.—**A person commits an offense if, in the course of business, the person:

\* \* \*

(2) sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service . . . .

18 Pa.C.S. § 4107(a)(2). With regard to this crime, this Court has held that:

proof of deceptive or fraudulent business practices requires that a defendant (1) with a wrongful intent to deceive; (2) in the course of business; (3) sells, offers or exposes for sale, or delivers less than the represented quantity of any commodity or service. We noted that an intentional misrepresentation connotes a higher degree of culpability than "knowingly" and the culpability of an intentional act subsumes the culpability of a knowing act, and concluded that knowledge was a lesser-included *mens rea* of intent.

***Commonwealth v. Kolovich***, 170 A.3d 520, 528 (Pa. Super. 2017) (citations omitted and formatting altered).

The trial court examined all three prongs of the ***Carrasquillo*** factors for withdrawing a guilty plea prior to the imposition of sentence and found that Appellant had not satisfied them. Trial Ct. Op. at 7-12. First, the trial court noted that Appellant's lack of knowledge regarding possible collateral consequences of a guilty plea did not provide a fair and just reason for the withdrawal of the plea. *Id.* at 7. The court observed:

[T]here was a *quid pro quo* for [Appellant] entering an open guilty plea in this case. The Commonwealth agreed to *nolle pros* two

- 8 -

counts charging felonies of the third degree and reduce the count to which [Appellant] pled guilty from a felony of the third degree to a misdemeanor, for which the Commonwealth would not seek any "jail time." In addition despite having a detailed restitution claim from the victim which amount they could have insisted be part of the open plea, the Commonwealth agreed to a restitution hearing to determine an amount of restitution. The reality is that after 18 months, even though [Appellant] got what he bargained for, he had buyer's remorse and sought to withdraw his plea[.] As discussed *infra* his claim of innocence rings hollow.

Though not alleged in his motion to withdraw his plea, at the hearing on the motion [Appellant] proffered his "fair and just" reason that he took the plea to avoid a felony, thinking a misdemeanor conviction would not impact his ability to earn a living but has since run into obstacles he did not anticipate because even though [it was graded as] a misdemeanor[,] the conviction is for a theft charge. In short, he was unaware of the collateral consequence of his plea. Whether true or not . . . there is no question that this claim is a collateral consequence [which does not undermine the validity of the plea. ***See Commonwealth v. Abraham***, 62 A.3d 343, 350 (Pa. 2012) (citation omitted)].

Trial Ct. Op. at 7 (formatting altered). We agree with the trial court that Appellant has not presented a fair and just reason to support the pre-sentence motion to withdraw his guilty plea because the collateral consequences of a plea do not undermine the validity of his plea. ***Carrasquillo***, 115 A.3d at 1292; ***Abraham***, 62 A.3d at 350.

Moreover, the trial court found Appellant's claim of innocence lacked credibility, observing:

In the instant case, it was only after what [Appellant] asserts was his experiencing unexpected collateral consequence of his plea that [Appellant] found his innocence, some 18 months after he pled guilty, and 15 months after the court heard the Commonwealth's evidence as to restitution. Defense counsel argued to the court at the hearing on the motion to withdraw that

- 9 -

the delay was occasioned by the COVID pandemic and concomitant court orders regarding the court's business, but [Appellant] failed to produce any evidence in that regard, and the court takes judicial notice that no pandemic related orders of this court ever precluded the filing of any pleading which can be done by "Pac-Filing" online. This argument is specious.

As noted, in his petition [Appellant] made a bald assertion that he was innocent. At the hearing on his petition, [Appellant's] only explanation for his claim of innocence was that he did not have "criminal intent" to defraud anyone. He asserts that he just "didn't finish the job." He presented no evidence beyond that statement to support his claim of innocence.

This court did not find [Appellant] credible in his assertion of innocence not only in what he said but in evaluating his demeanor and other indicia of credibility . . . .

Trial Ct. Op. at 9-10 (formatting altered). The record supports the trial court's conclusion that Appellant did not provide a credible or plausible assertion of innocence. *Carrasquillo*, 115 A.3d at 1292.

Finally, the trial court noted that the Commonwealth would be prejudiced by the withdrawal of Appellant's plea because

[a] key witness for the Commonwealth at trial would be Paul Jacobs, the contractor that completed the job. His testimony would be needed to help establish [Appellant's] criminal intent in describing in detail the state of the work when [Appellant] abandoned the job; would potentially be needed to rebut [Appellant's] testimony should he testify; and would be needed to establish restitution amounts. Mr. Jacobs did testify at the first restitution hearing and was cross-examined. A question remains as to whether that testimony would be admissible if [Mr. Jacobs] is not available as that testimony was taken despite [Appellant's] failure to appear given that the court was informed that Mr. Jacobs was elderly and in ill health. In fact, at the completion of the restitution hearing on November 9, 2021, the court was informed that Mr. Jacobs was not available because of his health.

- 10 -

Trial Ct. Op. at 11 (formatting altered). The record supports the trial court's conclusion that allowing the withdrawal of the plea would cause the Commonwealth prejudice due to the unavailability of a key witness. *Carrasquillo*, 115 A.3d at 1291-92; *see also Cole*, 564 A.2d at 206.

Accordingly, the trial court did not err or abuse its discretion in denying Appellant's pre-sentence motion to withdraw his guilty plea because he did not provide a fair and just reason to withdraw his plea, his assertion of innocence was not plausible, and the withdrawal of the plea would substantially prejudice the Commonwealth. *Carrasquillo*, 115 A.3d at 1291-92. Appellant is not entitled to relief.

### Restitution

In Appellant's second claim, he challenges the amount of restitution imposed. Appellant's Brief at 36. Appellant contends that the trial court abused its discretion by ordering $17,500 in restitution because it was not supported by the record. *Id.* at 38.

Prior to addressing the merits of Appellant's claim, we must first determine whether he has preserved it for appeal. In Appellant's Rule 1925(b) statement, he stated that "[t]he trial court erred in determining that Appellant owed $17,500 in restitution as a part of his sentence in this matter." Pa.R.A.P. 1925(b) Statement, 12/23/21, at 1.

It is well settled that a challenge to the legality of a sentence raises a question of law. *Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa. Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de*

- 11 -

*novo* and our scope of review is plenary. ***Commonwealth v. Childs***, 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated . . . ." ***Commonwealth v. Ramos***, 197 A.3d 766, 769 (Pa. Super. 2018) (citation and quotation marks omitted). Moreover, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted).

In contrast, however, a defendant does not have an absolute right to pursue a challenge to the discretionary aspects of a sentence. ***See*** ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (*en banc*). Rather, before reaching the merits of such claims, we must determine whether (1) the appeal is timely; (2) the defendant preserved his issues; (3) the defendant included a concise statement of reasons for the discretionary sentence claim in his brief pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code. ***See Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

Specifically, challenges to the discretionary aspects of a sentence must be raised in a post-sentence motion or before the trial court during the sentencing proceedings otherwise a challenge to the discretionary aspects of a sentence is waived. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (citations omitted and formatting altered). Additionally, a

defendant is required to preserve the issue in a court-ordered Rule 1925(b) statement and a Rule 2119(f) statement. *Id.*

In *Commonwealth v. Weir*, 239 A.3d 25 (Pa. 2020), our Supreme Court reiterated that "a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the discretionary aspects of the sentence." *Weir*, 239 A.3d at 37. Therefore, when an appellant claims that the trial court lacked statutory authority to impose restitution, it is a legality-of-sentence issue*. See id.* However, where an appellant "challenges only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth, it is a challenge to the discretionary aspects of sentencing." *Id.* at 38.

Initially, the trial court found Appellant's claim waived due to lack of specificity and by failing to specify the basis of the claim. *See* Trial Ct. Op. at 12 (citing *Commonwealth v. Freeman*, 128 A.3d 1231 (Pa. Super. 2015)). Specifically, the trial court concluded that it was impossible to determine whether Appellant was challenging the sufficiency of the evidence or the weight of the evidence supporting restitution, whether the court erred in

calculating the sum ordered, or whether the court erred in the admission of any particular evidence relative to restitution. *Id.* at 13.[2]

Regardless, we conclude that Appellant failed to preserve this claim on appeal because he did not raise it in a post-sentence motion or before the trial court during the sentencing proceedings. *See Cartrette*, 83 A.3d at 1042. In his brief, Appellant admits that he did not file a post-sentence motion, but he claims that, at sentencing, he "challenged the Commonwealth's requested amount of restitution and asked the trial court to impose an amount substantially lower than what it ultimately ordered." Appellant's Brief at 23. An examination of the record reveals that the section of the record to which Appellant cites does not support his claim. *See* N.T. Sentencing, 11/9/21, at 42-43. The section of the notes of testimony cited by Appellant reflects argument concerning the amount of restitution owed, not a challenge to the amount of restitution ordered by the trial court. The record reveals that during argument prior to the imposition of sentence, Appellant's counsel argued that Appellant testified credibly that it should have cost the complainants

---

[2] The trial court noted that even if Appellant had properly presented a challenge to the sufficiency of the evidence supporting the amount of restitution, no relief is due. *See* Trial Ct. Op. at 14. The trial court explained that the Commonwealth presented credible testimony from the complainant who also provided checks, invoices, and photographs revealing the amounts paid for the incomplete pool installation, but the Commonwealth also presented the testimony from the contractor who finished the pool after Appellant abandoned the job. *Id.* This contractor testified as to the state of the work when he took over the job and the amounts charged for completion. *Id.* The trial court concluded that the testimony from the contractor and the complainant was credible, and the trial court imposed restitution in the amount "[complainant] lost at [Appellant's] hands." *Id.*

approximately $10,000 to complete the pool, but not $26,000 to $30,000 that the Commonwealth has requested. *Id.* at 43. However, once the trial court imposed sentence and stated the amount of restitution, Appellant did not object nor offer any challenge to the amount of restitution. *See id.* at 52.

On this record, because Appellant did not preserve his challenge to the discretionary aspects of his sentence, he waived it for purposes of appeal. *Cartrette*, 83 A.3d at 1042. In any event, even if Appellant's restitution and discretionary sentencing challenges were not waived, we would affirm the denial of relief based on the sound reasoning of the trial court. For these reasons, Appellant's claims fail, and no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2022