J-A25012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTIN MITCHELL HAINES :
:
Appellant : No. 411 MDA 2020

Appeal from the PCRA Order Entered February 18, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005514-2015

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.: **FILED MARCH 02, 2021**

Justin Mitchell Haines appeals *pro se* from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

We gather the following factual history from the Commonwealth's affidavit of probable cause. In the early evening on February 8, 2015, Appellant left a bar where he had imbibed multiple alcoholic beverages and crashed his vehicle into one being driven by Kyle Quigley. Mr. Quigley was ejected from the vehicle and was later pronounced dead at Harrisburg Hospital. Amy Marburger, a passenger in Mr. Quigley's car, survived but sustained severe injuries. Subsequent testing of his blood requested after responding officers smelled alcohol on Appellant's breath revealed that Appellant, who had two prior convictions for driving under the influence ("DUI"), had a blood alcohol content of .25%.

Appellant was charged with the following offenses: (1) third-degree murder; (2) aggravated assault; (3) homicide by vehicle while DUI; (4) aggravated assault by vehicle while DUI; (5) homicide by vehicle; (6) aggravated assault by vehicle; (7) DUI—highest rate of alcohol, third or subsequent offense; (8) DUI—general impairment; (9) reckless driving; (10) careless driving; (11) careless driving—unintentional death; (12) careless driving—serious bodily injury; and (13) driving at an unsafe speed.

Prior to trial, Appellant moved to suppress the results of his blood test. The trial court granted suppression, the Commonwealth appealed, this Court remanded for a factual determination, the trial court again granted suppression, the Commonwealth again appealed, and this Court affirmed the suppression order based upon, *inter alia*, **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016), and **Commonwealth v. Ennels**, 167 A.3d 716, 724 (Pa.Super. 2017) (holding that consent for a blood draw is involuntary under **Birchfield** if it follows threatened enhanced punishment for refusal to consent). **See Commonwealth v. Haines**, 200 A.3d 563 (Pa.Super. 2018) (unpublished memorandum).

Thereafter, Appellant entered a negotiated guilty plea. Appellant agreed to plead guilty to homicide by vehicle while DUI, aggravated assault by vehicle while DUI, homicide by vehicle, aggravated assault by vehicle, DUI—general impairment, careless driving, and driving at an unsafe speed in exchange for an aggregate sentence of eight to sixteen years of imprisonment.

On June 28, 2019, the trial court sentenced Appellant in accordance with the plea agreement. Specifically, Appellant received consecutive terms of incarceration of five to ten years for homicide by vehicle while DUI, and three to six years for homicide by vehicle. Appellant also received two and one-half to five years for aggravated assault by vehicle while DUI and one and one-half to four years for aggravated assault by vehicle, to run concurrent with the five-to-ten-year sentence.[1] The trial court determined that the remaining counts merged for sentencing purposes.

Appellant filed neither post-sentence motions nor a direct appeal. On November 22, 2019, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed and ultimately filed a motion to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court granted counsel's request and issued notice of its intent to dismiss Appellant's petition. Appellant filed no objections, and the PCRA court dismissed the petition by order of February 13, 2020.

Appellant filed a timely notice of appeal. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but Appellant did not comply. The PCRA court authored an

---

[1] The sentence structure was motivated in part by the request for leniency of Ms. Marburger, who sympathized with Appellant's addiction issues. **See** N.T. Guilty Plea, 5/20/19, at 8-9.

opinion so stating and sent the record to this Court. Appellant filed an application for relief in this Court, indicating that he never received the Rule 1925(b) order, citing prison lockdown procedures that began in March 2020. This Court granted Appellant leave to file his statement *nunc pro tunc* and remanded the case to the PCRA court for a new opinion. After Appellant and the PCRA court submitted their Rule 1925 filings, the parties filed their briefs. The appeal is now ready for our disposition.

Appellant presents three questions for our review:

1) Was the [PCRA court] in error when it stated that [Appellant's] claim that his guilty plea was illegally introduced because [he] failed to file a petition to withdraw and/or take a direct appeal on the matter?

2) Was the [PCRA court] in error when it stated that the sentence given was legal and double jeopardy does not apply?

3) Was the [PCRA court] in error when it stated that the counsel for [Appellant] was not in error for failing to argue the claim of double jeopardy in the sentencing aspects?

Appellant's brief at 2.

We begin with the applicable legal principles.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allison***, 235 A.3d 359, 362 (Pa.Super. 2020) (internal quotation marks omitted). Further, "[i]t is an appellant's burden to persuade

us that the PCRA court erred and that relief is due." ***Commonwealth v. Stansbury***, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

All three of Appellant's arguments hinge upon a determination that receiving sentences for both homicide by vehicle and homicide by vehicle while DUI violated his double jeopardy rights. Specifically, Appellant contends that counsel was ineffective in not raising the double-jeopardy challenge to his sentence, ***see*** Appellant's brief at 13-14; that counsel's ineffectiveness in not recognizing the double-jeopardy violation unlawfully induced him to accept the guilty plea, ***id***. at 6-7;[2] and that the resulting sentence is illegal. ***Id***. at

_____

[2] Appellant also suggests on appeal that counsel was ineffective in recommending that he accept the plea agreement because, with the BAC test results suppressed, the Commonwealth could not have proven that he was DUI. ***See*** Appellant's brief at 6-7. That claim was not raised in Appellant's PCRA petition, and thus is not properly before us. ***See***, ***e.g.***, ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) ("We have stressed that a claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

In any event, we note that the crime of DUI—general impairment, which is the DUI charge to which Appellant pled guilty, requires no proof of a specific BAC, but merely evidence that he had consumed "a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). Here, not only did the officers indicate that they smelled alcohol on Appellant's breath, but the Commonwealth had video footage of Appellant imbibing multiple shots and beers at the bar from which he stumbled to his car minutes before the collision. ***See*** N.T. Pretrial Hearing, 4/12/19, at 12-13. Such was more than enough to sustain a conviction under § 3802(a)(1). ***See***, ***e.g.***, ***Commonwealth v. Hartle***, 894 A.2d 800, 804 (Pa.Super. 2006) (holding evidence of DUI was sufficient where officers testified to smelling alcohol on the defendant's breath and noting indicia of intoxication).

8-12. Since there is no double jeopardy violation present in this case, all of Appellant's claims fail.

The double jeopardy clauses of the federal and Pennsylvania constitutions provide co-extensive protection against subsequent prosecutions for the same act. *Commonwealth v. Kolovich*, 170 A.3d 520, 526 (Pa.Super. 2017). They also prohibit "multiple punishments for the same offense." *Commonwealth v. Crissman*, 195 A.3d 588, 591 (Pa.Super. 2018). The principles of merger of sentences "safeguard criminal defendants from double jeopardy violations by guiding judicial inquiry into whether multiple punishments have been imposed for the same offense." *Id*.

Double jeopardy challenges are examined under the "same-elements" test, which mandates that "each offense or subsequent prosecution must require proof of at least one fact that the other offense or prosecution did not." *Kolovich*, *supra* at 526. *See also Commonwealth v. Wade*, 33 A.3d 108, 121 (Pa.Super. 2011) (discussing the relationship between double jeopardy analysis and the merger statute, 42 Pa.C.S. § 9765). If the multiple crimes "arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense," then the sentences merge to avoid a violation of the defendant's double jeopardy rights. *Crissman*, *supra* at 591 (quoting 42 Pa.C.S. § 9765). Conversely, if there are separate criminal acts, or if each offense contains an element that

is not present in the other, the prohibition against double jeopardy does not require merger of the crimes for sentencing purposes. *Id*.

Appellant argues that his convictions for homicide by vehicle and homicide by vehicle while DUI should merge for sentencing purposes because "[o]ne person died, not two." Appellant's brief at 9. While he acknowledges that the two statutes have some different elements, he contends that the rule of lenity requires a finding not that it intended to allow two punishments for a single homicide, but to provide "alternative bases upon which to proceed if a life is taken as a result of the commission of a traffic offense." *Id*. at 10. He asserts that "a decisive majority of jurisdictions addressing the issue in a similar context have declined to impose multiple convictions and sentences for variations of murder when only one person was killed." *Id*. at 9 (collecting cases). Therefore, Appellant posits, his separate punishments for the two homicide convictions violates double jeopardy and constitutes an illegal sentence.

Appellant's argument has been repeatedly rejected by the appellate courts of this Commonwealth. For example, in **Commonwealth v. Collins**, 764 A.2d 1056 (Pa. 2001), the defendant crashed and killed a passenger in his own car and was convicted of, *inter alia*, homicide by vehicle, homicide by vehicle while DUI, carless driving, and driving at unsafe speeds. He appealed the imposition of separate, consecutive sentences for the two homicide convictions, contending "that because one death resulted from his criminal

conduct of 'unsafe driving while intoxicated,'" he could only be sentenced for one homicide conviction. *Id*. at 1058. He maintained that he could not "be sentenced separately for causing a death by two different means, i.e., by operating a motor vehicle while intoxicated and by simultaneously violating other provisions of the Vehicle Code." *Id*.

Our Supreme Court examined the elements of the two offenses. Homicide by vehicle at the time was defined as follows:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic **except section 3731 (relating to driving under influence of alcohol or controlled substance)** is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

*Id*. at 1058 (quoting, with added emphasis, 75 Pa.C.S. § 3732).[3] Meanwhile, the law at the time provided that one commits homicide by vehicle while DUI

---

[3] At the time Appellant herein committed his criminal acts, the homicide by vehicle statute provided:

> Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

75 Pa.C.S. § 3732(a) (effective December 20, 2010 to January 2, 2017).

when one "unintentionally causes the death of another person **as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance)** and who is convicted of violating section 3731[.]"[4]  ***Id***. (quoting with added emphasis 75 Pa.C.S. § 3735(a)(2)). Hence, not only was there not a complete identity of elements, but "the legislature crafted the statutory elements of the two offenses as mutually exclusive (homicide by vehicle requiring a non-DUI Vehicle Code conviction, while homicide by vehicle/DUI requiring a DUI conviction)." ***Id***. at 1059.

Therefore, the High Court rejected the defendant's challenge that he could receive only one homicide sentence, explaining as follows:

> Because of the mutually exclusive nature of the offenses, the same evidence could not possibly have satisfied the distinct elements of the two offenses. . . . Appellant's characterization of his criminal conduct as "unsafe driving while intoxicated," paints the factual predicate with too broad a brush.  Here, Appellant's driving while intoxicated (which resulted in death) satisfied the elements of homicide by vehicle/DUI, while his non-DUI Vehicle Code violations (which resulted in death) satisfied the elements of homicide by vehicle.  The fact that the death of the same individual supported elements in both offenses does not warrant the merging of the sentences imposed when other mutually exclusive elements of the crimes remain.

---

[4] At the time at issue herein, the statute correspondingly provided that homicide by vehicle while DUI was committed when one "unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802[.]"  75 Pa.C.S. § 3735(a) (effective February 1, 2004 to December 23, 2018).

*Id*. Although ***Collins*** was decided before the enactment of § 9765, this Court recently confirmed the continuing viability of its holding. ***See Commonwealth v. Grays***, 167 A.3d 793, 815 (Pa.Super. 2017) ("[T]he crimes of homicide by vehicle and homicide by vehicle–DUI did not merge for sentencing purposes.").

In the instant case, Appellant was charged with, and pursuant to his guilty plea convicted of, homicide by vehicle while DUI and the predicate offense of DUI—general impairment, as well as homicide by vehicle and the predicate offenses of careless driving and driving at an unsafe speed, which were the same convictions at issue in ***Collins***. Accordingly, under our well-settled precedent, Appellant's double jeopardy rights were not violated by the imposition of separate sentences for his separate convictions for homicide by vehicle and homicide by vehicle while DUI, even though a single death supported both convictions.

Consequently, counsel was not ineffective in failing to litigate a double-jeopardy challenge. ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim."). In the absence of any error on the part of counsel in assessing the double jeopardy implications of Appellant's plea, Appellant's claim that counsel's ineffectiveness caused him to enter an involuntary plea

likewise fails.[5]  *Cf. Commonwealth v. Kelley*, 136 A.3d 1007, 1014 (Pa.Super. 2016) ("[P]lea counsel was ineffective for advising Appellant to accept a plea bargain that called for an illegal sentence.").

In sum, because Appellant's convictions and sentence do not violate his double jeopardy rights, none of his claims merits PCRA relief.  Therefore, the PCRA court did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/02/2021

_____

[5] The PCRA court rejected Appellant's claim that his guilty plea was unlawfully induced, finding it waived because he did not file a motion to withdraw his plea and a direct appeal, and because he does not claim that he was innocent. *See* PCRA Court Opinion, 2/13/20, at 7-8.  However, claims that plea counsel's ineffectiveness induced an involuntary plea are properly analyzed as claims of ineffective assistance of counsel, and "all constitutionally cognizable ineffectiveness claims are cognizable under the PCRA without regard to innocence, including cases involving guilty pleas." *Commonwealth v. Lynch*, 820 A.2d 728, 732 (Pa.Super. 2003).  Nonetheless, "we may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa.Super. 2009) (cleaned up).